## EX PARTE RAILWAY COMPANY.

1. The judgment of the Circuit Court, on a plea to the jurisdiction, will not be reviewed here upon a petition for a *mandamus*.
2. An attachment cannot be sued out of that court against the property of the defendant in an action where the court has not acquired jurisdiction of the person.
3. This ruling is applicable to the Circuit Court of the United States sitting in Iowa, notwithstanding the act of June 4, 1880, c. 120. 21 Stat. 155.

### ORIGINAL.

*Mr. Fillmore Beall* presented the petition of the Des Moines and Minneapolis Railroad Company, duly verified by affidavit, and moved for a rule on the Circuit Court of the United States for the District of Iowa, Northern Division, to show cause why a writ of *mandamus* should not issue. The petition sets forth

that the company, a corporation existing under the laws of Iowa, brought suit in that court Sept. 3, 1880, against John B. Alley, a citizen of Massachusetts, to recover the sum of $99,616.05, and in the complaint asked, in conformity with the practice and pleading existing in the courts of Iowa, for an attachment against his property on the ground that he was a non-resident of the State of Iowa; that upon filing the complaint duly sworn to, and the requisite bond with security, as required by the code of Iowa, the clerk of the court issued in the suit, in usual form, the ordinary summons in a civil action, and also a writ of attachment against the property of said Alley, directed to the marshal of the district, commanding him to attach the lands and tenements, goods and chattels, rights and credits, of said Alley (except such as is exempt from execution) wherever the same might be found in said district, or so much thereof as might be necessary to satisfy said sum ; that said writs were delivered to the marshal for service, who thereupon made return upon said writ of attachment that the same came into his hands on the third day of September, 1880, and that he served the same on the fourth day of September, 1880, at 8 o'clock A. M., by levying upon certain shares of stock in certain named railroad corporations and in a corporation owning certain lands, the property of said Alley within said district ; and he returned the said summons " not served, the within-named John B. Alley not being found in my district."

The petition further sets forth that the company thereupon filed an affidavit in the suit showing that personal service could not be made on said Alley within the said district (State) of Iowa; that the action was brought against a non-resident of the (State) district of Iowa, and that he had property in the State sought to be taken by attachment, and asking an order of service by publication, or an order for personal service upon the defendant, either within or without the (State) district; that afterwards said motion for such order coming on for hearing, said Alley entering a special plea to the jurisdiction, the *gravamen* thereof being that he was not an inhabitant of said district, and had not been found therein, moved a dismissal of the suit, and for an order dissolving the attachment; that the court sustained the plea, and adjudged that the suit be dismissed, and

the attachment dissolved; to which action of the court the company duly excepted, and gave notice of this proceeding to review the same.

The motion was for a rule to show cause why a peremptory *mandamus* should not issue to the Circuit Court commanding it to set aside its orders dismissing the suit and dissolving the attachment, to restore the cause to its place on the docket, to grant the order of service asked for, and to proceed to hear the cause further, and upon such issues as may be framed therein.

Mr. Chief Justice Waite delivered the opinion of the court.

This motion is denied, 1, because it is an attempt to use the writ of *mandamus* as a writ of error to bring here for review the judgment of the Circuit Court upon a plea to the jurisdiction filed in the suit; and, 2, because if a writ of *mandamus* could be used for such a purpose the judgment below was clearly right. Under sect. 739 of the Revised Statutes, no civil suit, not local in its nature, can be brought in the Circuit Court of the United States, against an inhabitant of the United States, by original process, in any other State than that of which he is an inhabitant, or in which he is found at the time of serving the writ. It is conceded that the person against whom this suit was brought in the Circuit Court was an inhabitant of the State of Massachusetts, and was not found in or served with process in Iowa. Clearly, then, he was not suable in the Circuit Court of the District of Iowa, and unless he could be sued no attachment could issue from that court against his property. An attachment is but an incident to a suit, and unless the suit can be maintained the attachment must fall. The act of June 4, 1880, c. 120, "providing the times and places of holding the Circuit Court of the United States in the District of Iowa and for other purposes" (21 Stat. 155), divides that district into four divisions, and requires suits against an inhabitant of the district to be brought in the division in which he resides. The provision of the second section, that, "where the defendant is not a resident of the district, suit may be brought in any division where property or the defendant is found," applies only to suits which may be

properly brought in the district against a non-resident. Such a suit, if not local, must be in the division where the defendant is found when served with process; if local, in the division where the property, which is the subject-matter of the action, is situated. There is not manifested anywhere in this act an intention of repealing sect. 739, so far as it affects the Iowa district.

*Motion denied.*