# LABORDE *v.* UBARRI.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 194. Argued April 30, 1909.—Decided May 17, 1909.

In the courts of the United States attachment is but an incident to a suit and falls unless the suit can be maintained, *Ex parte Railway Co.*, 103 U. S. 794; and, unless the court has jurisdiction over the person of the defendant, the suit cannot be maintained.

*Ubarri* v. *Laborde, ante,* p. 168, followed to effect that after a succession in Porto Rico has been divided the liability of the heirs is personal; and, even if the suit can be maintained against the succession, private property of the heirs cannot be attached to answer for the judgment.

THE facts are stated in the opinion.

*Mr. Willis Sweet* and *Mr. George H. Lamar* for plaintiffs in error.

*Mr. John Maynard Harlan* for defendant in error Pablo Ubarri.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is the same suit that has been decided already. *Ubarri* v. *Laborde, ante,* p. 168. There is presented here a subordinate question as to the right of the plaintiffs in error, who were also the plaintiffs below, to retain an attachment against property alleged to belong to two non-resident heirs of Pablo Ubarri. The District Court ordered the complaint to be dismissed as to these heirs and the attachment against any of their property to be dissolved, on the principle that has been laid down more than once by this court, that in the courts of the United States "attachment is but an incident to a suit, and unless the suit can be maintained the attachment must fall." *Ex parte Railway Co.,* 103 U. S. 794, 796. "Unless the suit can be maintained" means, of course, unless the court has jurisdiction over the person of the defendant. See further *Toland* v. *Sprague,* 12 Pet. 300, 330, 336; *Chaffee* v. *Hayward,* 20 How. 208; *Clark* v. *Wells,* 203 U. S. 164.

It was admitted at the argument before us that if the suit against the other defendant should fail, as it has, there was no need to decide this case. But it must be disposed of in some way, and we are of opinion that the judgment below should be affirmed. The suit purports to be against the succession. Yet the property sought to be attached is alleged in the petition to belong to the defendants, and is not alleged even to have belonged to the succession in the past. It seems from what was admitted at the argument that a part at least never did. But if it had belonged to the succession, we gather from incidental testimony in the main case, from the allegations of separate titles in the petition for attachment, and from admissions at the bar, that it had been divided, and thereafter the liability of the heirs, if any, was personal, as explained in the

other case. Even if a suit still could be maintained against the succession when there was no property left in the inheritance, the private property of the heirs could not be held to answer the judgment. On the other hand, if this could be regarded as a suit to enforce personal liability of such heirs as could be caught, it would fail for reasons stated in *Ubarri* v. *Laborde*. In view of the disposition of that case we deem it needless to say more.

*Judgment affirmed.*