### UNITED STATES v. BROOKE et al.

#### (District Court, S. D. New York. November 21, 1910.)

COURTS (§ 346*)—FEDERAL COURTS—JURISDICTION—ADOPTION OF STATE PRACTICE—ATTACHMENT.

    Since common-law actions can only be brought in a federal court in the district in which the defendant is an inhabitant, or in which he is found at the time of the serving of the process, unless he voluntarily appears, an action cannot be maintained by the United States against a nonresident in a federal court by attaching defendant's property within the jurisdiction, without personal service of summons, notwithstanding Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), providing for conformity to state practice in actions at law, and section 915 providing that such remedies by attachment are authorized in the federal court as are provided by the laws of the state in which the court is held, since an attachment cannot take the place of initial process, but is merely an incident of the suit.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 918; Dec. Dig. § 346.*

    Conformity of practice in common-law actions to that of state courts, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

Action by the United States of America against Fred A. Brooke and another, doing business as Joseph Brooke & Co. On motion to vacate an attachment. Granted.

Curie, Smith & Maxwell, for the motion.

Henry A. Wise, U. S. Atty. (Wm. L. Wemple and Carl E. Whitney, of counsel).

HAZEL, District Judge. The attachment granted herein must be vacated on the ground that jurisdiction has not been obtained over the person of the defendants. According to the moving papers, the defendants are residents of Huddersfield, England, and are not residents of the state of New York, and cannot after due diligence be found therein or within the United States. The return of the marshal certifies that he is unable to find the defendants or either of them within the Southern district of New York.

The authorities uniformly hold that to merely find property of a defendant in the district does not mean finding the defendant therein, for the purpose of bringing suit against him. By section 914 of the statutes of the United States (U. S. Comp. St. 1901, p. 684) it is provided that the practice and mode of procedure in federal cases, other than equity and admiralty cases, conform to those of the respective states wherein such actions are brought, and by section 915 the same remedies by attachment are authorized in this court as are provided by the laws of the state in which the court is held. But such provisions do not expressly or impliedly give a United States District Court jurisdiction of proceedings in rem against the property of a nonresident defendant who has not been personally served. The Supreme Court has held that the attachment is only an incident of the suit. Ex parte Railway Company, 103 U. S. 794, 26 L. Ed. 461; Laborde v. Ubarri, 214

U. S. 173, 29 Sup. Ct. 552, 53 L. Ed. 955. And common-law actions can only be brought in the United States Circuit and District Courts in the district of which the defendant is an inhabitant or in which he is found at the time of serving the process, or, to give the court jurisdiction, he must voluntarily appear. Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093; Anderson v. Shaffer, 10 Fed. 266; Erstein v. Rothschild, 22 Fed. 61; Lovejoy v. Hartford Ins. Co. (C. C.) 11 Fed. 63; Boston Electric Co. v. Elec. Gas Ltg. Co. (C. C.) 23 Fed. 838; Noyes v. Canada (C. C.) 30 Fed. 665; Harland v. United Lines Tel. Co., 40 Fed. 308, 6 L. R. A. 252. Several of the cases cited squarely hold that remedies by attachment do not give United States courts jurisdiction unless such jurisdiction was first obtained by proper service of process or the voluntary appearance of the defendant.

It is urged by the government that the cases cited are inapt for the reason that they are litigations between individuals, and not, as here, a suit by the United States against a nonresident doing business in this district. A sufficient answer is that this court possesses no power except such as the Constitution and acts of Congress confer, and, in the absence of a statute permitting the United States to maintain an action in this court irrespective of whether the defendant is an inhabitant of the district or is found therein, or empowering this court in an action arising out of violations of the customs laws to levy upon or seize property by warrant of attachment without personal service, it is difficult to perceive any merit in the contention, though it must be conceded that the inability of the United States to obtain relief in the courts of its creation presents an anomalous situation.

An order vacating the attachment on two days' notice to the United States may be entered.