### SMITH v. REED et al.

(District Court, N. D. Ohio, E. D.   September 16, 1912.)

No. 8243.

COURTS (§ 346*)—SERVICE BY PUBLICATION—ATTACHMENT—FEDERAL COURTS.

> Jud. Code, § 51 (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp. St. Supp. 1911, p. 150]), provides that no civil suit shall be brought before either of the courts of the United States against any person by original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded on diversity of cit-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

izenship, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. Rev. St. § 915 (U. S. Comp. St. 1901, p. 684), declares that in common-law causes in the circuit and district courts plaintiff shall be entitled to similar remedies, by attachment or other process against the defendant's property, which are now provided by the laws of the state in which the court is held, and that such circuit or district courts may, from time to time, by general rules, adopt such state laws as may be in force in the states where they are held in relation to attachments and other process. *Held* that, though Gen. Code Ohio, § 11292, provides for the issuance of foreign attachments on the ground that the defendant is a nonresident, yet, it having been determined that personal service on the defendant is necessary to institute a suit in the federal courts, jurisdiction cannot be acquired by a federal court, of a defendant who is a nonresident of the state and district, by an attachment of his property within the division and district and a publication of the summons in accordance with the state law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 918; Dec. Dig. § 346.*]

Action by Charles B. Smith as administrator, etc., against William Reed and others. On defendants' motion to quash the service. Granted.

E. C. Chapman and R. B. & A. G. Newcomb, of Cleveland, Ohio, for plaintiff.

Hoyt, Dustin, Kelley, McKeehan & Andrews, of Cleveland, Ohio, for defendants.

DAY, District Judge. In this case the defendant Reed has filed a motion asking the court to set aside and quash the service of summons herein upon said defendant, for the reason that the court has no jurisdiction over the person of said defendant.

An attempt was made to secure personal service upon the defendant, which service was plainly deficient. Accordingly no personal service was made upon the defendant, but an attachment was issued under a proper affidavit under the state practice, and the property of the defendant was seized. An affidavit for service by publication under the Ohio statute was filed and published according to law.

The question which arises, is this: Can this court acquire original jurisdiction of the defendant, William Reed, by proceedings in attachment, in accordance with the laws of Ohio, against the property of said Reed found within the limits of this division and district?

It might be said, in passing, that since the petition was originally filed by leave of court, it has been amended. This amendment does not change the parties to the original cause of action, nor does it change the original cause of action set forth in the original petition. The legal effect of the amendment is to render the petition as though it had originally read as amended, and this amendment establishes the existence of the jurisdiction from the commencement of the suit. Carnegie et al. v. Hulbert, 70 Fed. 209, 16 C. C. A. 498; Bowden v. Burnham, 59 Fed. 752, 8 C. C. A. 248.

The jurisdictional statute applicable to this case, is Act of March 3, 1875, c. 137, 18 Stats. at Large, 470, as amended by Act Aug. 13, 1888, c. 866, 25 Stats. at Large, 434, and is found in chapter 2, which

is a chapter on Jurisdiction of the so-called Judicial Code, being the act of March 3, 1911 (U. S. Comp. St. Supp. 1911, p. 150). This act gives to the District Court, formerly the Circuit Court, jurisdiction where there is a "controversy between citizens of the state and foreign states, citizens or subjects," where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000.

Following this general ground of jurisdiction, as found in the act of March 3, 1875, as amended by the acts of March 3, 1887, and August 13, 1888, is this language:

"And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

In the Judicial Code passed March 3, 1911, as has already been observed, the jurisdiction of the District Court is found in section 24 under chapter 2 on Jurisdiction. The provision last quoted is found in section 51 of said act, under chapter 4, entitled Miscellaneous Provisions.

Section 915 of the Compiled Statutes of the United States reads as follows:

"Attachments:
"In common-law causes in the circuit and district courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof; and such circuit or district courts may, from time to time, by general rules, adopt such state laws as may be in force in the states where they are held in relation to attachments and other process: Provided, that similar preliminary affidavits or proofs, and similar security, as required by such state laws, shall be first furnished by the party seeking such attachment or other remedy." U. S. Comp. St. 1901, p. 684.

This court has adopted rules making the provisions of the Ohio Statutes relating to attachments applicable to proceedings in this court. The statutes of Ohio, under section 11,292 of the Ohio General Code, provide for the institution of foreign attachments on the ground that the defendant is a nonresident of the state of Ohio. This ground of attachment, on the basis of nonresidence, is specified in section 11,819 of the Ohio General Code.

There is no controversy but that under the statutes of the state of Ohio the commencement of a suit against a nonresident by attachment is authorized. It is, however, urged by counsel for the defendant that an attachment is but an incident to a suit, and that unless suit can be maintained the attachment must fall. In other words, unless this court has jurisdiction, not only over the person of the defendant, but also over the subject-matter, this suit cannot be maintained. And the fundamental question arises as to whether this court can acquire jurisdiction over an individual defendant residing outside of the district, by attaching the property of the defendant found within the district.

The language employed in section 51 of the Judiciary Act, providing that where jurisdiction is founded only on the act as between citizens of different states, and that suits shall be brought only within the residence of either the plaintiff or defendant, is insisted by the defendant to be not jurisdictional, but simply such language as gives the defendant a privilege which he may or may not assert at the proper time. It is important to note that this language is placed in the new Judicial Code among the miscellaneous provisions, and does not appear in the chapter conferring jurisdiction upon the court. This portion of the acts in reference to the citizenship of the parties to the suit was considered in the case of Bogue v. Chicago, Burlington & Quincy R. R. Co. (D. C.) 193 Fed. 728, 731, where the court said:

"Plaintiffs' counsel, both in oral argument and by brief, was utterly mistaken as to the effect of the statute prescribing the place of bringing an action. This statute is in no sense jurisdictional. The plaintiff has a legal right to bring his action in any district of the United States other than where both are citizens of the same state and there, in the event of lawful service, the case will go to a valid judgment, unless the defendant timely objects to plaintiff maintaining the case in a district other than where either the one or other resides. It is a mere privilege that the defendant can waive, or timely protest against. It is not jurisdictional."

Discussing the jurisdiction of the federal courts in attachment, Foster on Federal Practice, vol. 2 (4th Ed.), page 1254, says:

"These rules and the statute do not give a circuit or district court power thus to acquire jurisdiction over a person not a resident of the district nor served with process therein (citing cases). * * * It is doubtful whether the writ of attachment can be issued in a suit originally instituted in a federal court, before jurisdiction has been obtained by service of original process."

In the case of Ex parte Railway Co., 103 U. S. 794, 26 L. Ed. 461, a suit was commenced in the United States Circuit Court for the District of Iowa against a citizen of Massachusetts, by which the plaintiff sought to acquire jurisdiction by attaching the defendant's property, on the ground that he was a nonresident. No personal service was made on the defendant, and on his setting up a plea to the jurisdiction, the court dismissed the suit and dissolved the attachment.

Chief Justice Waite, speaking for the court, at page 796 of 103 U. S. (26 L. Ed. 461), said:

"It is conceded that the person against whom this suit was brought in the Circuit Court was an inhabitant of the state of Massachusetts, and was not found in or served with process in Iowa. Clearly, then, he was not suable in the circuit court of the District of Iowa, and unless he could be sued, no attachment could issue from that court against his property. An attachment is but an incident to a suit, and unless the suit can be maintained the attachment must fall."

The doctrine announced by this opinion that an attachment is but an incident to a suit and must fall unless the suit itself can be maintained against the defendant, irrespective of the attachment, was again considered in the case of Laborde v. Ubarri, 214 U. S. 173, 29 Sup. Ct. 552, 53 L. Ed. 955. At page 174 of 214 U. S., at page 552 of 29 Sup. Ct. (53 L. Ed. 955), Justice Holmes, when delivering the opinion of the court said:

"There is presented here a subordinate question as to the right of the plaintiffs in error, who were also the plaintiffs below, to retain an attachment against property alleged to belong to two nonresident heirs of Pablo Ubarri. The District Court ordered the complaint to be dismissed as to these heirs and the attachment against any of their property to be dissolved, on the principle that has been laid down more than once by this court that in the courts of the United States 'attachment is but an incident to a suit, and unless the suit can be maintained the attachment must fall.' Ex parte Railway Co., 103 U. S. 794, 796 [26 L. Ed. 461]. 'Unless the suit can be maintained' means, of course, unless the court has jurisdiction over the person of the defendant. See, further, Toland v. Sprague, 12 Pet. 300, 330, 336 [9 L. Ed. 1093]; Chaffee v. Hayward, 20 How. 208 [15 L. Ed. 851]; Clark v. Wells, 203 U. S. 164 [27 Sup. Ct. 43, 51 L. Ed. 138]."

It is contended by counsel for the plaintiff that a number of these cases, especially the case in 103 U. S., and the basic case of Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093, were decided when the statute contained a requirement that the suit could be instituted in the district in which the defendant was an inhabitant, or in which he might be found, and that since the additional legislation, providing that suit might be brought in the district of the residence of either the plaintiff or defendant, these decisions would lose their force. This would be if they were jurisdictional, but if the legislation in this respect only gives the privilege to the defendant and is not jurisdictional, these decisions referred to by Justice Holmes would have all of the force which it is contended by counsel for defendant they possess.

Counsel for plaintiff very ably contend that the case of the Boston & Maine Railway v. Gokey, 210 U. S. 155, 28 Sup. Ct. 657, 52 L. Ed. 1002, expresses the position they take in this matter. It appears to me that the court held in the Gokey Case that the division superintendent of the railway was a known agent, and that service upon him in an attachment suit was proper under the Vermont Statutes. I cannot perceive that the court held in this case that the federal courts would take jurisdiction of a nonresident defendant solely by virtue of an attachment of property. It appears to me that the language in Justice Holmes' opinion, in the case of Laborde v. Ubarri, in 214 U. S., redeclared the doctrine of Toland v. Sprague and established it as the law which must be observed to a suit, and that unless the suit can be maintained, that is, unless the court has jurisdiction over the person of the defendant, the attachment must fall.

It is urged by counsel for plaintiff that in the case of Clark v. Wells, 203 U. S. 164, 27 Sup. Ct. 43, 51 L. Ed. 138, and Davis v. Cleveland, C., C. & St. L. Ry. Co., 217 U. S. 157, 30 Sup. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907, the jurisdiction of the federal courts in foreign attachments is recognized. Both of these suits were originally instituted in the state court and service procured by attachment. The question arises on removal to the federal courts. Justice Day, in deciding the case of Clark v. Wells, 203 U. S. 164, 27 Sup. Ct. 43, 51 L. Ed. 138, overruled the contention of the plaintiff that the effect of the removal was to render nugatory the attachment proceedings in the state court upon the express ground that section 4 of Removal Act March 3, 1887, c. 373, 24 Stat. 552 (U. S. Comp. St. 1901, p. 514) prohibited this. It is quite apparent in this decision last

referred to that the defendant by having the cause removed to the federal court waived the personal privilege contained in section 51 of the Judicial Code:

In a very recent case, that of United States v. Brooke (D. C.) 184 Fed. 341, which was a suit for the United States against two parties, arising out of the violation of the custom laws, in which the government sought to seize property of nonresidents, by warrant of attachment, without personal service, Judge Hazel says:

"The attachment granted herein must be vacated on the ground that jurisdiction has not been obtained over the person of the defendants. According to the moving papers, the defendants are residents of * * * England. * * *

"The authorities uniformly hold that to merely find property of a defendant in the district does not mean finding the defendant therein, for the purpose of bringing suit against him."

## After referring to the Conformity Acts, the court said:

"But such provisions do not expressly or impliedly give a United States District Court jurisdiction of proceedings in rem against the property of a nonresident defendant who has not been personally served. The Supreme Court has held that the attachment is only an incident of the suit (citing 103 U. S. and 214 U. S.). And common-law actions can only be brought in the United States Circuit and District Courts in the district of which the defendant is an inhabitant, or in which he is found at the time of serving the process, or, to give the court jurisdiction, he must voluntarily appear."

The cases which hold that where a state court has acquired jurisdiction of the defendant, through its property, and could enter a judgment enforceable against such property, I think, can be distinguished from the facts and the situation here presented by the case at bar; it being held in these decisions that the defendants did not submit their persons to the general jurisdiction of the court, but that the property could be proceeded against up to the amount of the attachment in the state court.

It having been held, however, by the Supreme Court of the United States that personal service was necessary to institute a suit in the federal courts, these decisions commented upon by counsel for plaintiff would not be controlling.

Motion to quash service is sustained, and exceptions given to the plaintiff.