CLEVELAND & WESTERN COAL CO. v. J. H. HILLMAN & SONS CO.

(District Court, N. D. Ohio, E. D.    October 2, 1917.)

No. 9503.

1. ATTACHMENT ⬥207—FEDERAL COURTS—JURISDICTION—NECESSITY OF PERSONAL SERVICE.

Under Rev. St. § 915 (Comp. St. 1916, § 1539), declaring that in common-law causes plaintiff shall be entitled to similar remedies by attachment or other process against the property of the defendant as are now provided by the laws of the state in which court is held, and that District Courts may from time to time by general rules adopt such state laws as may be in force, jurisdiction cannot be acquired, in an action begun in the federal court, by the issue and levy of an attachment, but personal service on the defendant is indispensable; the issue and levy of an attachment being permitted only in an action begun in a federal court in which personal service has been or can be made.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. REMOVAL OF CAUSES ☞112—EFFECT OF REMOVAL.

A defendant may remove an action begun in the state court to the federal court, without waiving any right to object to the manner in which jurisdiction was acquired of his person, and after removal may take advantage of such objections to the jurisdiction, either of his person or cause of action, that he might in the first instance have taken in the state court.

3. ATTACHMENT ☞127—AFFIDAVIT—FAILURE TO MAKE.

An order of attachment, issued without a sufficient affidavit, is absolutely void.

4. REMOVAL OF CAUSES ☞118—FEDERAL COURTS—ATTACHMENT—PERFECTION OF AFFIDAVIT.

An action was begun by attachment in an Ohio state court; the defendant being a foreign corporation. After removal, the attachment was on defendant's motion discharged, because no sufficient affidavit had been filed in the state court. Thereafter plaintiff filed in the federal court an affidavit, sufficient under the state laws, and obtained the issue of an order of attachment, which was duly levied on defendant's property. Under Gen. Code Ohio, §§ 11230, 11231, an action is pending, so as to stop the running of limitations from the time process is issued, only when actual service is made within 60 days thereafter; while under sections 11279, 11280, an attachment can be issued only at or after the commencement of the action. *Held* that, as the federal court was without jurisdiction to issue the attachment in the first instance, and as an order of attachment issued without a sufficient affidavit is void, the second attachment must be discharged, notwithstanding the filing of the petition; no action having been commenced.

At Law. Action by the Cleveland & Western Coal Company, a corporation, against J. H. Hillman & Sons Company, begun in a state court and removed to the federal court. On motion by defendant to discharge attachment. Attachment discharged, and plaintiff's petition stricken from the files.

C. F. Taplin, of Cleveland, Ohio, for plaintiff.

Hoyt, Dustin, Kelley, McKeehan & Andrews, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. This action was begun in the court of common pleas, Cuyahoga county, and was removed to this court by the defendant, a foreign corporation. No process was served personally on the defendant, but plaintiff had sought to obtain jurisdiction in the state court by filing an affidavit and procuring the issue of an order of attachment, which was levied on the property of the defendant. After removal here, the defendant corporation, appearing specially for the purpose, moved to discharge the attachment, because no sufficient affidavit had been filed in the state court authorizing the issue of the order of attachment. This motion was at a former day of this term sustained, and the attachment was discharged.

Thereafter the plaintiff filed in this court an affidavit, sufficient under the state law, and obtained the issue of an order of attachment, which has been duly levied on property of the defendant. No other process has issued from this court, and no personal service on the defendant has been made. In this state of the record, defendant again appears specially for the purpose, and moves to discharge this attachment,

which motion has been argued orally and on briefs, and is now before me for decision.

[1] It is settled law that jurisdiction cannot be acquired in an action begun in this court by the issue and levy of an attachment, but that personal service of process upon the defendant is indispensable. R. S. § 915 (U. S. Compiled Statutes, Annotated, 1916, § 1539), it has been authoritatively decided, permits the issue and levy of an attachment in an action begun here only in aid of an action in which personal service has been or can be made on the defendant. Big Vein Coal Co. v. Read, 229 U. S. 31, 33 Sup. Ct. 694, 57 L. Ed. 1053; Smith v. Reed (D. C.) 210 Fed. 968.

[2] The present action, however, having been begun in a state court and removed here by the defendant, involves somewhat different considerations. It is settled law that the defendant may remove an action begun in a state court to this court, without waiving any right to object to the manner in which jurisdiction was acquired of his person, and that after removal he may take advantage of any and all objections to the jurisdiction of the state court, either of his person or of the cause of action, that he might in the first instance have taken in the state court. In other words, the action is transferred here in the same condition precisely as existed when the petition for removal was filed in the state court. This court, by virtue of the removal, becomes possessed of the action, with all the rights and powers respecting the cause of action and the parties thereto, as the state court would have possessed. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Wabash Western Ry. Co. v. Brow, 164 U. S. 271, 280, 17 Sup. Ct. 126, 41 L. Ed. 431; Clark v. Wells, 203 U. S. 164, 27 Sup. Ct. 43, 51 L. Ed. 138; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272.

[3, 4] The exact question then is: What power exists in this court, after removal, to perfect jurisdiction of an action begun in a state court by attachment only, and in which personal service was or cannot be had? This exact question, so far as I can discover, has never been considered or decided. It is undoubtedly true that publication may be completed, and that process may be issued and personally served after removal. In Clark v. Wells, supra, the action had been begun in the state court, an order of attachment issued and served, but no personal service was had either before or after removal. It was held that the order of publication provided for by the state law might be completed after removal, and a final judgment rendered, subjecting the property so attached to the plaintiff's demand.

In Lebensberger v. Scofield (6 C. C. A.) 139 Fed. 380, 71 C. C. A. 476, the action had been commenced in a state court, an order of attachment was issued and levied, but no personal service had been made. In this condition, the petition for removal was filed, and the case transferred to the federal court. After removal, process was sued out and personally served on the defendant. After this service, the attachment issued and levied before removal was on motion discharged. It was held that the federal court had power to complete the service, and that the fact that the defendant had become a citizen of the district between the time when the attachment was levied and the process issued

from federal court was served, and that the attachment was subsequently discharged, did not cause a failure of jurisdiction.

On principle, it seems to me, if sufficient action had been taken in the state court before removal, so that, despite an order discharging an attachment after removal, plaintiff would still be in the situation of having an action pending, this court has power to perfect its jurisdiction by taking such further steps as are warranted under the state law. If, for instance, an attachment were discharged here merely because of some defect in the manner of levying the attachment, or even because of some defect or irregular action of the clerk in issuing the same, then it seems to me the jurisdiction of this court might be perfected. If this were not so, the anomalous condition would be produced of permitting the party removing the cause to come here with all the rights and remedies accorded to him by the state law, while the other party would be brought here denied of some of those rights and remedies. The net result would be that the defendant defeats the plaintiff's action by removing it. If, on the other hand, the attachment were discharged here because no sufficient affidavit had been filed in the state court authorizing the issue of an attachment, and the pendency of the action both here and in the state court depended on nothing else than the attachment proceedings, then a discharge of the attachment would leave no valid proceedings, properly begun, but not completed, upon which to base further steps to perfect the jurisdiction of this court.

In the present case the attachment was discharged here because no sufficient affidavit had been filed, justifying the issue of an order of attachment. An order of attachment issued without a sufficient affidavit is absolutely void. Endel v. Leibrock, 33 Ohio St. 254; Leavitt v. Rosenberg, 83 Ohio St. 230, 93 N. E. 904. Such is the present situation. The order of this court discharging the attachment for want of a sufficient affidavit shows that the entire attachment proceedings were void, and, being void, the situation is as if no such proceedings had been begun. The jurisdiction both of the state court and of this court over the defendant depends exclusively upon the attachment proceedings, and, inasmuch as those proceedings were utterly void, there is nothing left upon which to base further steps to perfect the jurisdiction of this court. In that situation, the filing of a new affidavit, and the issue of a new order of attachment in this court, is the equivalent of beginning an action by the issue and levy of an order of attachment without personal service on the defendant.

If the order of attachment had been discharged in the state court for the reason for which it was discharged here, the plaintiff would not have a pending action in the state court. He would have, it is true, a petition lodged in the clerk's office, with a number on the appearance docket of the court; but each act and step required by law to begin an action would have to be commenced over again. Under the Ohio law, an action is pending, so as to stop the running of the statute of limitation, from the time process is issued, only when actual service is made within 60 days thereafter. G. C. §§ 11230, 11231. An attachment can be issued only at or after the commencement of an action. G. C. §§ 11279, 11280. All of the steps indicated by these sections as necessary to give a plaintiff the status of one having an action pending in court

would of necessity have to be taken after the order discharging the attachment, if, as in the present case, the attachment were discharged for want of a sufficient affidavit.

I am therefore of opinion that an order should be entered, discharging the attachment and striking plaintiff's petition from the files of this court. An exception may be noted in behalf of plaintiff.