280

### In re STARK, City Court Marshal.

District Court, W. D. New York. September 12, 1929.

Botsford, Mitchell, Albro & Weber, of Buffalo, N. Y., for petitioner.

HAZEL, District Judge. The petition by a marshal of the city court of Buffalo praying for payment to him of $79.91 by virtue of a writ of attachment issued upon a judgment recovered in the state court by Albert H. Burger, assignee of one H. Ely Goldsmith, against Juray Bolga, against the money or property of the defendant in the registry of this court, is denied.

The record of this court shows that Juray Bolga, an alien, on July 2, 1928, in lieu of bail and surety that he would appear for judgment in a habeas corpus proceeding and render himself in execution thereof, deposited three Liberty bonds (not registered) aggregating $250, and that the relator subsequently surrendered himself for deportation, pursuant to the warrant duly issued by the Secretary of Labor and dismissal of the writ, and was deported to Canada where he now resides. The bail bond deposit in question—2 Liberty bonds for $100 each, and the third for $50—was deposited by the Clerk of this court with a designated depository of the United States under section 995, Rev. St. (28 USCA § 851), in the name and credit of the court, and cannot be diverted or withdrawn under section 996, Rev. St. (28 USCA § 852), except by order of a judge of the court. In this court an attachment in rem is not effective against property of a nonresident defendant who has not been personally served with process in a plenary action, or who has not voluntarily submitted himself to the jurisdiction of the court. Concededly no process was served on Juray Bolga, who, prior to the commencement of the action against him in the city court of Buffalo, had been deported. He has not voluntarily submitted himself to the jurisdiction of this court. The attachment is simply incidental to the suit brought against him. See U. S. v. Brooke, 184 F. 341, decided by this court and cited with approval in Big Vein Coal Co. v. Read, 229 U. S. at page 38, 33 S. Ct. 694, 57 L. Ed. 1053, and see Laborde v. Ubarri, 214 U. S. 173, 29 S. Ct. 552, 53 L. Ed. 955. The Clerk holds the separate bonds deposited with her and claimed to have been attached, not as an individual but in her capacity as Clerk of this court, and, accordingly, the judgment of the state court, and attachment issued in pursuance thereof, constitute no attachable lien or claim upon the bonds or any portion thereof. It has frequently been ruled in the federal courts that money or property paid into the registry of the court pending a litigation is not subject to attachment by any other court. D. B. Martin v. Shannonhouse (D. C.) 203 F. 517; In re Forsyth (D. C.) 78 F. 296; Corbitt v. Farmers' Bank (C. C.) 114 F. 602; Senior v. Pierce (C. C.) 31 F. 625, all holding generally that money in custodia legis is not subject to attachment in another suit against the person claiming to be entitled to the fund, or any portion thereof. See, also, Wayman v. Southard, 10 Wheat. 1, 6 L. Ed. 253; Osborn v. U. S., 91 U. S. 474, 23 L. Ed. 388; Buchanan v. Alexander, 4 How. 20, 11 L. Ed. 857. In general it is held that to permit such deposited funds or property to be subject to attachment is contrary to public policy. In the petition it is assumed that money was deposited, but the records show that United States Treasury bonds were accepted in lieu of a bail bond in the amount of $250.

The application for an order authorizing the clerk to make payment of $79.91 to satisfy the judgment and attachment is denied.