## DAVIS v. ENSIGN–BICKFORD CO.
### No. 12537.

Circuit Court of Appeals, Eighth Circuit.
Jan. 11, 1944.

G. L. Grant, of Fort Smith, Ark. (Hugh Bland, of Fort Smith, Ark., on the brief), for appellant.

Haywood Scott, of Joplin, Mo. (Thomas B. Pryor and Thomas B. Pryor, Jr., both of Fort Smith, Ark., and John W. Scott, of Washington, D. C., on the brief), for appellee.

Before STONE, THOMAS, and JOHN-SEN, Circuit Judges.

THOMAS, Circuit Judge.

This case presents the question of the jurisdiction of the District Court to entertain an original action to recover damages for personal injuries brought by appellant Davis against appellee Ensign-Bickford Company, a non-resident corporation, which could not be served with process within the state. Jurisdiction over the person of the defendant was sought to be acquired by means of attachment and gar-

nishment of property within the state belonging to the defendant.

On July 15, 1942, Davis commenced an action in the District Court for the Western District of Arkansas to recover damages resulting from the alleged negligence of the defendant in the manufacture, sale, and distribution of safety fuses used for blasting operations in a coal mine. The defendant is a Connecticut corporation, is not authorized to do business in Arkansas, and has no designated agent for service of process in the state.

Without issue of summons Davis, by procedure in the federal court in conformity with the provisions of Arkansas statutes, sued out orders of general attachment, for notice by publication, and for warning the defendant. No property was found or seized within the state by the Marshal, but the Hercules Powder Company and the Atlas Powder Company, having been garnished, answered that they were indebted to the defendant in the sums of $29,255.75 and $23,429.52, respectively.

On August 4, 1942, the defendant filed a motion alleging that it, "appearing specially for the purpose of this motion, and for no other purpose whatsoever, objects to the jurisdiction of the court and denies that the court has any jurisdiction over the person of the defendant * * * and moves the court to dismiss the * * * complaint * * * to quash and ‚vacate the order of general attachment * * * to quash the garnishment proceedings * * * and to adjudge that the court has no jurisdiction over the person of the defendant, * * * and * * * that because of lack of jurisdiction * * * its property is not subject to attachment and * * * garnishment."

The motion was sustained and the judgment appealed from was entered quashing and vacating the writs of attachment and garnishment and dismissing the complaint for want of jurisdiction.

The appellant contends:

1. That Federal Rules of Civil Procedure, rule 64, 28 U.S.C.A. following section 723c, gives federal District Courts jurisdiction to issue writs of attachment and garnishment at the time of the commencement of an action, in the manner provided for by the law of the state where the court is held, against non-resident defendants who cannot be served with process within the state, and thus acquire jurisdiction of the person of the defendant; and

2. That the District Court had jurisdiction of the person of the defendant because it voluntarily entered its appearance in the case by moving to dismiss the complaint, thereby waiving its objection to the jurisdiction of the court.

Appellant's first contention is not tenable.

■ Rule 82 of the Rules of Civil Procedure provides that "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." Rule 64 must be so construed.

Prior to the adoption of the Rules of Civil Procedure the question of the jurisdiction of federal courts over defendants who can not be served with process had long been settled.

■ In the first place, the jurisdiction of federal courts is not and never has been controlled by state law. Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 443, 30 S.Ct. 125, 54 L.Ed. 272; Woods Bros. Const. Co. v. Yankton County, 8 Cir., 54 F.2d 304, 308, 81 A.L.R. 300. It depends upon acts of Congress. Goldey v. Morning News, 156 U.S. 518, 523, 524, 15 S.Ct. 559, 39 L.Ed. 517. Assuming, since it is not necessary to decide the point, that the attachment and garnishment could have been issued by a state court in Arkansas under the laws of that state, it appearing that no service had been or could be made upon the defendant, the Arkansas statute could confer no authority upon the federal court to issue the writ.

■ In the second place, in the federal courts attachment is but an incident to a suit, and unless the court has jurisdiction over the person of the defendant the attachment must fall. Jurisdiction can not be acquired by means of attachment. In the absence of an existing lien on property within the jurisdiction of the court a federal court must acquire jurisdiction over the person of a defendant before it is authorized to attach his property or garnish his creditors. Toland v. Sprague, 12 Pet. 300, 326, 328, 9 L.Ed. 1093; Ex parte Railway Co., 103 U.S. 794, 796, 26 L.Ed. 461; Laborde v. Ubarri, 214 U.S. 173, 174, 53 L.Ed. 955; Big Vein Coal Co. v. Read, 229 U.S. 31, 37, 38, 33 S.Ct. 694, 57 L.Ed. 1053; State of Missouri ex. rel. St. Louis, B. & M. R. Co. v. Taylor, 266 U.S. 200, 208, 45 S.Ct. 47, 69 L.Ed. 247, 42 A.L.R. 1232; Arkansas Anthracite Coal & Land Co. v. Stokes, 8 Cir., 2 F.2d 511, 512, 513; United States v. Brooke, D.C.N.Y., 184 F. 341, 342; In re Stark, D.C.N.Y., 36 F.2d 280; Simkins, Federal Practice, 3d ed. 1938, § 763, p. 547; 4 Am.Juris., Attachment and Garnishment, § 45, p. 577.

In the Big Vein Coal Co. case, supra [229 U.S. 31, 33 S.Ct. 696, 57 L.Ed. 955], the Supreme Court said that " * * * in cases where the defendant could not be sued and jurisdiction acquired over him personally, the auxiliary remedy by attachment could not be had, as attachment was not a means of acquiring jurisdiction. * * * that an attachment is still but an incident to a suit, and that, unless jurisdiction can be obtained over the defendant, his estate cannot be attached in a Federal court."

■ The situation here is distinguished from a case in which jurisdiction in rem has been acquired in a state court and thereafter the case is removed to the federal court. In the latter case "any attachment * * * of the goods or estate of the defendant * * * shall hold the goods or estate so attached * * * to answer the final judgment or decree * * *." 28 U.S.C.A. § 79. Compare Hatcher v. Hendrie & Bolthoff Mfg. & Supply Co., 8 Cir., 133 F. 267. Even in the absence of personal jurisdiction, a federal court can render a judgment enforceable against the attached property when jurisdiction in rem has been perfected in the state court by publication of notice, Rorick v. Devon Syndicate, 307 U.S. 299, 59 S.Ct. 877, 23 L.Ed. 1303, rehearing denied 307 U.S. 650, 59 S.Ct. 1041, 83 L.Ed. 1529; or even where the defendant has knowledge of the attachment proceedings in the state court, which had occurred prior to removal, and publication of notice is not effected until after removal, as in Clark v. Wells, 203 U.S. 164, 27 S.Ct. 43, 51 L.Ed. 138. See, also, State of Missouri ex rel. St. Louis B. & M. R. Co. v. Taylor, 266 U.S. 200, 208, 209, 45 S.Ct. 47, 69 L.Ed. 247, 42 A.L.R. 1232; Simkins, Federal Practice, 3d ed. 1938, § 745, p. 541, § 763, p. 547; 4 Am.Juris., Attachment and Garnishment, § 46, p. 578.

■ We think, also, the appellant's second contention, that the appellee waived its objection to the jurisdiction of the court by moving to dismiss the complaint, is without merit. It is true, as a general rule, that the place of trial, although defined by statute, pertains to the convenience of the parties and that venue may be

waived. Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 168, 60 S.Ct. 153, 128 A.L.R. 1437. We do not think the appellee's motion constituted a waiver.

Prior to the adoption of the new Rules of Civil Procedure, supra, it was the rule that only when a non-resident defendant appears specially to challenge the jurisdiction (venue) of the court and also submits a question going to the merits there is a general appearance giving jurisdiction. St. Louis & S. F. R. Co. v. McBride, 141 U.S. 127, 11 S.Ct. 982, 35 L.Ed. 659. With some rare exceptions, however, it was never held that a motion to dismiss for want of jurisdiction, coupled with a special appearance to object to the jurisdiction, presented an issue going to the merits. The identical question presented here was settled by the Supreme Court in Big Vein Coal Co. v. Read, supra. In that case, as in this, the defendant appeared by counsel for the purpose only of objecting to the jurisdiction of the court and moved to dismiss the suit and to quash the attachment. In response to the contention that the motion to dismiss and quash constituted a general appearance the court held that "No issue was made involving the merits of the action. * * *" Compare, also, Central West Public Service Co. v. Craig, 8 Cir., 70 F.2d 427, 430; Wilson v. Beard, 2 Cir., 26 F.2d 860, 863; Armstrong v. Langmuir, 2 Cir., 6 F.2d 369, 370; Jones v. Gould, 6 Cir., 149 F. 153; Kelley v. T. L. Smith Co., 7 Cir., 196 F. 466; Southern Pac. Co. v. Arlington Heights Fruit Co., 9 Cir., 191 F. 101; Harkness v. Hyde, 98 U.S. 476, 479, 25 L.Ed. 237; Baldwin v. Iowa State Traveling Men's Ass'n, 8 Cir., 40 F.2d 357, 358, reversed on other grounds 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244.

This case, however, was commenced in the District Court since the new Rules were adopted. It is now generally held that the prior practice as to waiver was changed by these rules so that a defendant may without a special appearance join a plea of wrong venue in his answer with defenses to the merits and preserve his right to raise the question of jurisdiction on appeal in event of an adverse ruling. Vilter Mfg. Co. v. Rolaff, 8 Cir., 110 F.2d 491, 495; Blank v. Bitker, 7 Cir., 135 F.2d 962, 966; Cooper v. Burton, 75 U.S.App.D.C. 298, 127 F.2d 741, 742; Simkins, Federal Practice, 3d ed., 1938, §

34, p. 48. Rule 12(b) provides that "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." The defendant's motion to dismiss for lack of jurisdiction was within the scope of this rule.

For the foregoing reasons, the judgment appealed from is affirmed.