**HISEL v. CHRYSLER CORPORATION et al.**

**No. 6288.**

United States District Court
W. D. Missouri, W. D.

May 3, 1950.

thereof, on the ground that it was not subject to such process under the laws of the State of Missouri on the cause of action alleged in the original complaint.

The original complaint charges each of the defendants herein with having illegally appropriated an invention of plaintiff's, not patented, and seeks an accounting of profits and injunctive relief. It is manifest from the allegations of the complaint as filed in the state court that the cause of action asserted by plaintiff is one which sounds in equity. Becher v. Contoure Laboratories, 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752; Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912; Kelley-Koett Mfg. Co. v. McEuen, 6 Cir., 130 F.2d 488. The relief there sought by plaintiff was such as only a court of equity could grant, notwithstanding a general allegation of damages made in the complaint. No specific sum was claimed in the original complaint by plaintiff as damages. The relief for an accounting and injunction as therein prayed was such as only could be had in a court of equity, and such action was not converted into one at law merely because some of the issues in dispute might involve questions which are legal in character. Since removal, plaintiff has filed an amended complaint, seeking recovery of One Million Dollars actual, and One Million Dollars punitive, damages, in addition to praying for injunctive relief against each of the defendants.

Charles Shangler, Kansas City, Mo., Donald L. Randolph, Kansas City, Mo., for plaintiff.

Blackmar, Newkirk, Eager, Swanson & Midgley, Kansas City, Mo., for defendants.

RIDGE, District Judge.

In this action, originally instituted in a court of the State of Missouri, and removed to this Court, writ of attachment was issued against defendant Chrysler Corporation and service on said defendant obtained by summons of garnishee as provided under Sections 1455–1460, R.S.Mo.1939, Mo. R.S.A. After removal, defendant Chrysler Corporation, appearing specially, has moved to dissolve such attachment and quash the writs and service issued and made in aid

The sole question presently for determination is whether this Court has jurisdiction over the defendant Chrysler Corporation by virtue of and to the extent of the writ of attachment sued out against that defendant in the state court before removal of these proceedings. No process of any character has been issued out of this Court directed to defendant Chrysler Corporation since removal was perfected.

Under Section 1450, Title 28 United States Code Annotated attachment liens and rights acquired in accordance with the law of a state in which an action is begun and later removed to the Federal Courts are preserved "in the same manner as they would have been held to answer

final judgment or decree had it been rendered by the State court." Said statute preserves rights acquired under a writ of attachment as they existed in the state court at the time of removal, and, after removal, the Federal Court can only proceed thereon in the same manner that further proceedings might have been had in the state court. Hence, where the jurisdiction of the state court and of the Federal Court to which a case is removed depends exclusively on the attachment proceedings had before removal, and those proceedings are entirely void, there is nothing left upon which to base further proceedings in the Federal Court. McNeal-Edwards Co. v. Frank L. Young., 1 Cir., 42 F.2d 362. In a removal proceeding, the cause goes to the Federal Court laden with whatever proceedings have been had in the state court. The Federal Court receives only such jurisdiction as the state court had over such cause. If the state court acquired no jurisdiction, then the Federal Court in a removal proceeding has no jurisdiction to proceed with the action, even though it may be one which might have been originally brought in the Federal Court.

 As a consequence of the foregoing, we will not further consider plaintiff's attempt to confer jurisdiction in this Court over the person of the defendant Chrysler Corporation by the mere filing of an amended complaint after removal herein was perfected. First, for the reason that no process has been issued to Chrysler Corporation, giving us *personam* jurisdiction over it; and, second, the filing of an amended complaint which might have sustained the issuance of a writ of attachment in the state court if a new affidavit in attachment were properly executed would be equivalent to the beginning of an action by issuance and levy of an order of attachment in this Court without personal service on defendant. Cleveland & Western Coal Co. v. J. H. Hillman & Sons Co., D. C., 245 F. 200. The Federal Court has no jurisdiction to grant relief *in personam* by attachment without personal service on defendant or his voluntary appearance in the cause. Laborde v. Ubarri, 214 U.S. 173, 29 S.Ct. 552, 53 L.Ed. 955; Ex parte Des Moines & Minneapolis Railroad Co., 103 U.S. 794, 26 L.Ed 461. Defendant Chrysler Corporation is presently before the Court under limited appearance. Even if the attachment in the state court was held good, we could not, on the present state of the record herein, grant a *personam* judgment against said defendant. Hence, our determination of the validity of the attachment proceedings in the state court determines our jurisdiction so far as defendant Chrysler Corporation is here involved.

 It is the law of the State of Missouri that attachment and garnishment are not available remedies for the commencement of a suit in equity in that State. The history of remedy by attachment in suits in equity, and controlling Missouri authorities relating thereto, are clearly stated and collated by Judge Ellison in State ex. rel. Auchincloss, Parker & Redpath Inc., v. Harris, 349 Mo. 190, 159 S.W.2d 799. It would serve no useful purpose to enter into an extended consideration of that subject here. It is sufficient to say that plaintiff, in its suggestions, cites no Missouri authorities sustaining the remedy by attachment in a suit in equity in the courts of the state of Missouri. In light of the opinion written by Judge Ellison, supra, we have no doubt as to the invalidity of the writ of attachment and summons to garnishee issued in aid thereof, sued out by plaintiff in the state court in this equity proceeding. Jurisdiction over defendant Chrysler Corporation was not obtained by the state court under such process. The state court having acquired no jurisdiction over said defendant, it is entitled to interpose whatever objections it may have to the levy of writ of attachment in this Court. A special appearance for that purpose is proper. Davis v. Cleveland C. C. & St. Louis R. Co., 217 U.S. 157, 30 S.Ct. 463, 54 L.Ed. 708, 27 L.R.A.,N.S., 823, 18 Ann.Cas. 907. An attachment will be sustained in the Federal Court only where it was issued and levied in conformity of requirements of the state laws. Where not so obtained, the Court may properly vacate or dissolve the attachment, on motion.

Concluding, as we do, that attachment was not available remedy to plaintiff at the

beginning of this action in the state court, so far as the defendant Chrysler Corporation is concerned, and that this Court has no jurisdiction over said defendant solely by reason of the attachment proceedings in the state court, defendant Chrysler Corporation's motion to dissolve the attachment and process served in aid thereof, should be, and the same is hereby, sustained.

This does not mean that this cause is now dismissed as to defendant Chrysler Corporation. Provision is made in Section 1448, Title 28, U.S.C.A. for service of process under certain circumstances after removal. When service had in a state court has been quashed, the jurisdiction of the Federal Court over the subject-matter of a removal suit and its power to proceed by the issuance of the usual process to acquire jurisdiction of the person of a defendant remains unimpaired. Cf. German v. Universal Oil Products Co., D. C., 6 F.Supp.53.