### HOGAN v. DE WITTE et al.
### No. 8905.

United States District Court
W. D. Missouri.
Jan. 20, 1954.

Parker & Knipmeyer, Norbeck & Gallagher, Redfield, S. D., for plaintiff.

Rufus Burrus, Independence, Mo., for defendants Calvin Bayley and Marie Mashien.

Davis, Thomson, Van Dyke & Fairchild, Kansas City, Mo., for defendant Leo Light.

REEVES, Chief Judge.

The plaintiff has filed a motion to remand in the above cause and the defendant, Leo Light, d/b/a National Literary Association, with equal vigor has moved to quash the service of summons and to dismiss said cause. Both parties apparently challenge the jurisdiction of the court.

Suit was originally filed in a state court. The plaintiff in the state court attached property or credits of the defendants, or some of them, in the State of Missouri, and in doing so obtained service of process pursuant to the provisions of Section 506.160 RSMo 1949, V.A.M.S. This statute provides in substance that service by mail shall be allowed in all cases affecting a fund, spe-

cific property, or any interest therein, *"or any res or status within the jurisdiction of the court, \* · \* \* ."* (Emphasis mine.) After the attachment and service of process in the manner prescribed by state statute, all of the defendants being nonresidents of Missouri, removed said cause to this court. When this was done, the plaintiff filed a motion to remand upon the ground that the court had acquired no jurisdiction over one of the defendants and that he alone had petitioned for removal. The record does not support this contention. All of the defendants joined in a removal petition.

The defendant, Leo Light, d/b/a National Literary Association, now moves to quash service and to dismiss the complaint as to that defendant. This means, of course, a dissolution of the attachment and the quashing of the writ of garnishment.

■ 1. Section 1450, Title 28 U.S. C.A., provides as follows:

"Whenever any action is removed from a State court to a district court of the United States, *any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods or estate to answer the final judgment \* \* \* in the same manner as they would have been held to answer final judgment \* \* \* had it been rendered by the State court."* (Emphasis mine.)

Since this is a removal case, quite clearly under an express provision of law this court cannot quash the service obtained while the case was pending in a State court, nor can it properly dissolve the attachment. The defendant, Leo Light, in support of his contention cites the case of Davis v. Ensign-Bickford Co., 8 Cir., 139 F.2d 624, loc. cit. 626. That case could only support the defendant if the suit had been instituted originally in this court. On the same page the Appellate Court was careful to say:

"The situation here is distinguished from a case in which jurisdiction in rem has been acquired in a state court and thereafter the case is removed to the federal court."

The court then cited the above-quoted section of the national statute or code. Following this pronouncement, the court said (on the same page):

"Even in the absence of personal jurisdiction, a federal court can render a judgment enforceable against the attached property *when jurisdiction in rem has been perfected in the state court by publication of notice".* (Emphasis mine.)

In support of this proposition, the court cited the case of Rorick v. Devon Syndicate, 307 U.S. 299, 59 S.Ct. 877, 83 L.Ed. 1303.

It would follow that the motion to remand should be denied, as well as the motion to quash service, and to dissolve attachment.