**Bertha JENNINGS, Plaintiff,**

v.

**McCALL CORPORATION, Defendant.**

**Civ. A. No. 1852.**

United States District Court
W. D. Missouri,
Southwestern Division.

Dec. 31, 1963.

---

**920**

Robert E. Seiler, Joplin, Mo., for plaintiff.

Watson, Ess, Marshall & Enggas, by James F. Duncan, Kansas City, Mo., for defendant.

BECKER, District Judge.

This action was originally instituted in the Circuit Court of Jasper County, Missouri, and thereafter removed to this Court on the ground of diversity of citizenship. The plaintiff is a resident of Missouri. The defendant, McCall, is incorporated under the laws of Delaware and has its principal place of business in a state other than Missouri. (The petitioner plaintiff alleges that the defendant is incorporated in the State of New York. The petition for removal verified by affidavit established that Delaware is the state of incorporation of defendant McCall.)

In a previous diversity action based upon the same claims for relief the plaintiff sought to secure jurisdiction over the person of the defendant by the service of summons for the purpose of securing a general judgment. The service of summons was quashed, and the action dismissed without prejudice because the defendant was not engaged in business in the State of Missouri and because the corporate agent was not a managing or general agent within the meaning of Rule 4(d) (3), F.R.Civ.P. Jennings v. McCall Corp., (C.A.8) 320 F.2d 64.

Following the dismissal of that action the plaintiff instituted the case at bar seeking to secure jurisdiction *in rem* by attaching obligations of J. C. Penney Co., Sears, Roebuck Co., the May Department Stores Co., Macy's, and others owing to the defendant. The attachment was based upon Missouri Civil Rule 85, V.A.M.R. authorizing civil actions by attachment against the property of the defendants where the defendant is not a resident of Missouri. Mo.Civ.Rule 85.01. This Missouri Civil Rule authorizes summons to garnishees in aid of attachment, the procedure employed in this case. Mo. Civ. Rule 85.21.

Under Missouri jurisprudence the remedy of suit by attachment is not available in suits in equity. State ex rel. Auchincloss, Parker & Redpath, Inc. v. Harris, (1942), 349 Mo. 190, 159 S.W.2d

799, 1. c. 804, and cases therein cited. The defendant in support of its motion to dissolve the attachment and quash the attachment and summons to garnishees asserts that this is a suit in equity, and relies principally upon Hisel v. Chrysler Corp., (W.D.Mo.1950), 90 F.Supp. 655.

This determination of the motion requires an examination of the nature of this action as disclosed by the petitions of plaintiff under the jurisprudence of Missouri.

### Petition of Plaintiff

In her petition, plaintiff states that plaintiff developed a novel and unique idea in regard to the technique of transferring dress patterns to the material from which a dress would be cut and made; that the idea was not in the public domain; that early in 1956, without disclosing the particulars of the idea, plaintiff advised defendant's agent and employee that plaintiff had a novel and unique idea which would be of great economic benefit to defendant; that after a preliminary exchange of correspondence in which plaintiff did not make any disclosure of her idea to the defendant, the defendant wrote the plaintiff requesting that the plaintiff disclose her idea, and promising that, should defendant make use of plaintiff's idea, plaintiff would be adequately compensated therefor; that in response to and acceptance of defendant's offer and invitation, the plaintiff made a full and complete confidential disclosure of her novel idea to defendant; that by reason thereof the defendant became contractually obligated, both in fact and in law, to compensate plaintiff reasonably for her idea should the defendant use, exploit and appropriate the idea to the defendant's use; that defendant advised plaintiff's agent that the defendant was not going to make use of plaintiff's idea; that nevertheless in June, 1961, plaintiff learned that defendant had appropriated plaintiff's novel idea and was engaged in exploiting, appropriating, and using plaintiff's idea for its own benefit and unjust enrichment; that plaintiff is therefore entitled under the facts and the law to be paid a reasonable sum for her novel and unique idea and is entitled to damages because of the circumstances. The plaintiff prayed judgment against the defendant for reasonable compensation for her idea in the sum of Five hundred thousand dollars ($500,000.00), interest, and her costs, and "demands defendants be required to account for profits to date and for future profits".

### CONCLUSIONS OF LAW

Both parties have cited many cases in support of their contentions, in addition to the Hisel case, supra. No extended analysis of each of these cases will be made because it has been concluded that the recent case of Robine v. Ryan, (C.A. 2), 310 F.2d 797, disposes of the question contrary to the defendant's contentions, and agreeably to Missouri jurisprudence.

In the Robine case, the plaintiff filed a complaint alleging that the defendant induced the plaintiff to disclose an invention to the defendant and thereafter wrongfully appropriated the plaintiff's invention in breach of the confidential relationship established by the negotiations resulting in the disclosure. In that case, plaintiff sought damages of $100,-000.00, and in a separate portion of the complaint alleged that they had a patent on the invention and sought an injunction against future infringements, damages for their losses, and an accounting of the defendant's profits arising out of past infringements. The trial court concluded that the complaint pleaded one claim for injunctive relief, accounting and patent infringement which was triable in equity. Thereupon the trial court denied plaintiff's demand for a jury trial. The Court of Appeals reversed the trial court holding that the complaint stated a legal cause of action for injury resulting from wrongful appropriation of an invention divulged in reliance upon a confidential relationship.

■■ In the case at bar, the plaintiff pleads facts which under Missouri law constitute a claim (1) for breach of express contract, (2) for breach of implied

922

contract, (3) for restitution because of unjust enrichment, and (4) possibly for tort. It is not important that a prayer for an accounting is combined with the prayer for damages in a specific sum, namely $500,000.00. Even if an equitable claim for relief is joined and commingled with the legal claims, it is clear under the rule of the Robine case, supra, and the authorities therein cited, that the legal claims for relief are not thereby lost. Moreover, it would be error for this Court to refuse to honor a timely demand for jury trial in this case under the holdings of the Robine case and under Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44.

In Missouri in the case of a wrongful appropriation of an idea, both legal and equitable remedies are available. A.L.I., Restatement, Restitution, Sec. 136; Mo.Annotations, Sec. 136; A. L.I. 4 Restatement, Torts, Sec. 757; Mo. Annotations, Sec. 757. An action similar to this was entertained as an action at law, sounding in contract, in the Missouri case of Brunner v. Stix, Baer & Fuller Co., (en banc 1944), 352 Mo. 1225, 181 S.W.2d 643. Therefore, in this case, this action will be entertained as an action at law and the motion to dissolve the attachment and quash the attachment and summons to garnishee will be overruled.

The decision in the Hisel case, supra, is not applicable in this case. The petition in the Hisel case found in the court file has been carefully examined. As pointed out by Judge Ridge in his opinion at page 657 of 90 F.Supp., no specific sum was claimed in the original complaint by the plaintiff as damages. The only relief sought was such as only a court of equity could grant, namely, a preliminary and final injunction against infringement, a declaration that the defendants were trustees of the invention and of all profits proceeding therefrom, and an accounting for profits and damages and the assessment of costs. In the Hisel case there was clearly an election under Missouri practice and jurisprudence to seek equitable relief only. Such

is not the case in this action. It is therefore

Ordered that the motion of the defendant to dissolve the attachment and to quash the summons be, and the same is, hereby overruled.