ARMSTRONG *v.* TRAUTMAN *et al.*

(*Circuit Court, S. D. Ohio, W. D.* May 31, 1888.)

COURTS—FEDERAL JURISDICTION—ACTIONS BY RECEIVERS OF NATIONAL BANKS —ACT MARCH 3, 1887.

Act Cong. March 3, 1887, § 4, declares that national banking associations are, for the purpose of all actions by or against them, at law or in equity, to be deemed citizens of the states in which they are respectively located, but "the provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank." *Held*, that a receiver of a national bank may still maintain a suit in the United States circuit court, without reference to the citizenship of the parties or to the amount involved, to recover a claim due the bank.

At Law.    On motion to dismiss.

JACKSON, J.   This case is before the court on the motion of defendants Frank Haffner and Christian Haffner to dismiss the petition for want of jurisdiction in this court to entertain the suit.   The motion is based on two grounds, viz.:   *First,* that the petitioner is a citizen of the same state with the defendants; and, *secondly,* that the amount claimed (being only $1,333.58) is insufficient to confer jurisdiction upon the court under the act of March 3, 1887.   The petition shows that David Armstrong, a citizen of the Southern district of Ohio, is the duly appointed and qualified receiver of the Fidelity National Bank, of Cincinnati, Ohio, which was lately a corporation organized under the banking laws of the United States, and became the holder and owner of a certain check for $1,333.58, having date June 20, 1887, drawn by Trautman & Fischer on the German National Bank of Cincinnati to the order of the defendants Frank and Christian Haffner, under the firm name of F. & C Haffner, and by them indorsed; that said check, which was the property of said Fidelity National Bank and a part of its assets which came into the possession of said receiver by virtue of his appointment, was duly presented at said German National Bank for payment; that the same was not paid; and that said drawers and indorsers had due notice thereof. The question presented by the motion of the defendants Frank and Christian Haffner to dismiss the petition for want of jurisdiction is whether, under the act of March 3, 1887, a receiver of a national bank may maintain a suit in this court, without reference to the citizenship of the parties and of the amount involved, to recover a claim or demand due the national bank, whose assets have been transferred or assigned to him by operation of law under his appointment.

Prior to the act of March 3, 1887, this was not an open question.   It was well settled by several decisions on the circuit, under the act of March 3, 1875, and prior acts, that receivers of national banks, being officers of the United States, could maintain such actions without regard to the citizenship of the parties or the amount involved in the suit. *Frelinghuysen* v. *Baldwin,* 12 Fed. Rep. 395; *Price* v. *Abbott,* 17 Fed. Rep. 506.   In this last case the subject was fully reviewed by Mr. Justice GRAY, and the jurisdiction of the circuit court was maintained.   In the case of *Armstrong* v. *Ettlesohn, ante,* 209, (very recently decided,) Judge BLODGETT has sustained the jurisdiction of the court, without regard to the amount involved, under the act of March 3, 1887; citing *Price* v. *Abbott,* 17 Fed. Rep. 506, as applicable to the latter act.   While by the fourth section of the act of March 3, 1887, national banking associations are, for the purpose of all actions by or against them, real, personal, or mixed, and in all suits in equity, to be deemed citizens of the states in which they are respectively located, and while the jurisdiction of the federal courts in suits by or against those associations is only such as they would have in cases between individual citizens, it is, however, expressly provided that "the provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases com-

menced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank." It seems clear that under this provision the jurisdiction of this court is preserved in cases like the present, where the receiver is engaged in winding up the affairs of the national banking association, and invokes the aid of this court in collecting the assets of the bank.

The court is of the opinion that defendants' motion is not well taken, and should be disallowed. It is accordingly so ordered, with costs, and the defendants are allowed 30 days to answer the petition.