## MANNING v. FURR.

### No. 5725.

Court of Appeals of the District of Columbia.

Argued March 9, 1933.

Decided June 30, 1933.

GRONER, Associate Justice, dissenting.

---

Gerald M. Johnson, of Washington, D. C., for plaintiff in error.

Karl Kindleberger and Louis O. Hodges, Jr., both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

It appears that on January 28, 1929, the defendant in error filed a pleading entitled "Particulars of Demand" in the municipal court of the District of Columbia, claiming judgment against the defendant below, now plaintiff in error, in the sum of $373 with interest, for rent and repairs accruing from November 1, 1928, to January 18, 1929. An affidavit of merit was filed at the same time in support of the claim.

Summons was issued for the defendant on January 28, 1929, and was regularly returned on February 29, 1929, with the indorsement "not to be found." An alias summons was issued for the defendant on February 29, 1929, and was duly returned on March 21, 1929, indorsed "not to be found." No further action was taken in the case until March 18, 1932, when a pluries summons was issued for the defendant, which was returned with the indorsement "served March 21, 1932."

On March 28, 1932, the defendant filed a motion, professing to appear especially for the purpose of the motion and no other, and moved the court to vacate the alias summons issued and returned served in the cause, and to dismiss the cause on the following grounds, to wit:

"1. That the said alias summons was improvidently issued.

"2. Because of the lack of diligence on the part of said plaintiff in prosecuting said action, which lack of diligence has worked a discontinuance thereof.

"3. And for other matters apparent on the face of the record."

In support of the motion, the defendant filed an affidavit to the effect that for ten years last past he had been an actual resident of the District of Columbia, and that since January 28, 1929, he had resided continuously in the District, and had maintained therein a home for himself and family as well as an office wherein he conducted his practice as a physician; that from January 28, 1929, until the 18th of March, 1932, he was present in the District, with the exception of not more than two weeks in 1929 and 1930, and about one month in 1931, when he was out of the District on vacation; that he had never evad-

ed the service of process in the cause. Defendant stated in the affidavit the various places where he had resided during this period within the District, and that during the time he maintained a telephone at his home and another at his office, and that his name and address at both places had always appeared listed in the local telephone directory during the entire period between January 28, 1929, and March 18, 1932, and thereafter.

On May 4, 1932, the municipal court overruled the motion, and the defendant excepted. The court thereupon entered judgment in favor of the plaintiff against the defendant, whereupon this proceeding in error was allowed.

It is unnecessary for us to pass upon the first and second grounds stated in the foregoing motion for in our opinion the defendant by the third ground has entered a general appearance in the cause.

It is elementary that: "A defendant appearing specially to object to the jurisdiction of the court must, as a general rule, keep out of court for all other purposes. In other words, he must limit his appearance to that particular question or he will be held to have appeared generally and to have waived the objection." 4 C. J. 1318.

It is true that the defendant undertook to appear specially for the purpose of challenging the service of summons upon him, but, in addition to these grounds, he included the ground of "other matters apparent on the face of the record." The "other matters" thus referred to must necessarily apply to matters in addition to those stated in relation to the service of the summons upon him. Such an assignment searches the entire record. It may serve as a general demurrer to the bill of particulars, also as a challenge to the jurisdiction of the court. As a consequence of this, it must be held that the defendant entered his appearance to the merits of the case, Crawford v. Foster (C. C. A.) 84 F. 939; Mahr v. Union Pac. R. Co. (C. C.) 140 F. 921; wherefore the judgment of the municipal court should be, and it hereby is, affirmed, with costs.

GRONER, Associate Justice (dissenting).

I think the court is wrong in holding the motion filed in this case was a general appearance.

After the service of process, defendant filed a motion to dismiss, in which he said:

"* * * Appearing specially for the purpose of this motion and none other, and moves the court to vacate the alias summons issued and returned served, in the above-entitled cause and to dismiss said cause on the following grounds:

"1. That said alias summons was improvidently issued.

"2. Because of the lack of diligence on the part of said plaintiff in prosecuting said action, which lack of diligence has worked a discontinuance thereof.

"3. And for other matters apparent on the face of the record."

The decision of the court is to hold that, because the defendant included the last-mentioned ground, namely, "and for other matters apparent on the face of the record," he made a general appearance. This is contrary to the rule, and is not the law.

It is obvious from the form of the motion that the defendant intended to appear, and did appear, only for the purpose of raising the point that the action, begun some three years previously, had abated for lack of diligence in its prosecution, and that therefore the summons issued and served was invalid. Wherever a party appears solely for the purpose of objecting to the jurisdiction of the court over his person, it is not a general appearance in the action, and no particular form of words is necessary to make the appearance special. The question whether it is a special or general appearance depends upon the purpose or intent of the party moving. The intent, of course, is to be gathered from the language of the motion. Where it is obvious that the motion is special, the use of such loose words as "other matters apparent on the face of the record" does not affect the intent or change a special appearance into a general appearance.

The rule is stated in Dahlgren v. Pierce (C. C. A.) 263 F. 841, at page 846 as follows:

"The question of general appearance is one of intent, actual or implied, and where the whole purpose of defendant's application to the court is to set aside an order because it has been made without personal jurisdiction over him, the conduct which will make the motion unavailing and destroy its basis must be clear and unequivocal."

I think it cannot be said by any stretch of imagination that the language used in the present motion shows clearly and unequivocally that it was not, as it purported to be, a special appearance.