### HERZOG v. HUBARD et al.
### No. 7034.

United States Court of Appeals for the District of Columbia.

Argued Feb. 8, 1938.
Decided April 25, 1938.

Bynum E. Hinton, of Washington, D. C., Edward H. Cushman, of Philadelphia, Pa., and Alexander M. Heron, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., Howard Boyd, Asst. U. S. Atty., Benjamin G. Wilkinson, Jr., Edmund D. Campbell, and Stuart T. Saunders, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

GRONER, C. J.

Appellee Hubard, who was plaintiff below, filed his bill against Herzog (appellant), Deslauriers Steel Mould Company, Inc., the Secretary of the Treasury, and the Treasurer of the United States. The bill alleged that Herzog had contracted with the United States for the erection of a building at St. Elizabeth's Hospital in the District of Columbia; that Deslauriers Company was a subcontractor of Herzog; and that Hubard at the request of Deslauriers Company furnished lumber to it which was used in the work; that Herzog guaranteed payment by Deslauriers for the material but that payment had not been made. The bill further alleged that the

United States had not paid the entire contract price and had on hand at the completion of the work a large sum of money due to Herzog under the contract, and the purpose of the bill was to establish a lien on the fund in favor of Hubard for the amount due him for materials furnished in the construction of the building. The bill prayed that an injunction issue to prevent Herzog from receiving the money and the Secretary of the Treasury and the Treasurer from making payment; that a' receiver be appointed to collect the fund; that Hubard be declared to have a lien on the fund to the amount of his bill; and that such amount be paid to him by decree of the court.

The bill was filed March 25, 1936, and summonses were issued, service being obtained on all defendants except Herzog, who it appears was at all times a resident of Pennsylvania. Approximately a year after the commencement of the suit Herzog appeared in the cause and filed a motion to dismiss, as follows:

"Now comes the defendant, Ralph S. Herzog, appearing specially for the purpose of this motion only, because of the lack of jurisdiction over his person, and moves the court to dismiss the bill of complaint herein.

\*      \*      \*      \*      \*

"The grounds to be argued in support of the foregoing motion are:

"1. That the court is without jurisdiction over the person of this defendant.

"2. That the court is without jurisdiction of the subject matter of the suit.

"3. That the plaintiff in this proceeding is attempting to garnishee a debt due from the United States.

"4. That the plaintiff's remedy, if there be any, is at law and not in equity.

"5. That a discontinuance of the cause has been effected for want of prosecution.

"6. And other matters appearing on the face of the bill."

The grounds of the motion were argued in the court below, at the conclusion of which the court overruled the motion to dismiss and filed the following memorandum:

"The Court thinks the defendant Herzog, by the sixth ground of his motion has invoked the judgment of the Court as to the sufficiency of plaintiff's bill and that his appearance and argument in respect of same amounts to a general appearance. Defendant by making and arguing the said ground of his motion has waived the jurisdictional question raised in other parts of his motion."

At the instance of Herzog we granted a special appeal.

The sole question for decision on the appeal is whether Herzog's motion to dismiss in the form in which it was submitted is a special or a general appearance. The identical question was considered by us twenty years ago in Ryan v. McAdoo, 46 App.D.C. 117, and if we follow in this case what was said in that, the decree of the lower court will have to be reversed. In the Ryan-McAdoo Case the grounds of the motion to dismiss the bill were:

"1. That the main defendant is a foreign executor and is not subject to the jurisdiction of the court;

"2. That the warrant, the subject matter of the litigation, is in the State of New York and the court is without jurisdiction to make any order respecting it;

"3. That plaintiff's remedy is in a court of law and that there is nothing in the amended bill to give a court of equity jurisdiction;

"4. That it does not appear from the bill that the plaintiff is a judgment creditor or that he has any valid lien upon the fund in question, or that this defendant is insolvent, or any other sufficient ground for the interposition of a court of equity."

In answering the question, we said that by the adoption of Equity Rule 32 of the lower court [1] a distinct advance was ac-

---

[1] The present Equity Rule 28 (formerly 32) of the District Court is precisely the same as Federal Equity Rule 29 (28 U.S. C.A. following section 723). It is as follows:

"Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. Every defense heretofore presentable by plea in bar or abatement shall

complished in equity procedure; that the object sought was the simplification of the practice and the avoidance of unnecessary delay in bringing causes to issue; that it was intended by the rule that every defense in point of law appearing upon the face of the bill should be incorporated in a single motion to dismiss;[2] and in this view of the rule we held that a defendant may appear specially and, by motion to dismiss, challenge the jurisdiction of the court upon all the grounds appearing on the face of the bill, and not thereby waive his special appearance.

In the case under consideration none of the grounds of the motion goes beyond the limit stated by us in the Ryan Case as proper. The ground principally complained of—and other matters appearing on the face of the bill—if it should not be treated as surplusage, is no more than a challenge upon grounds appearing on the face of the bill and is within our former holding.

In adhering to what we said in the Ryan Case, we are not unmindful that there are in several of the other Circuits cases to the contrary and not distinguishable. Perhaps the latest and fullest discussion of the question is to be found in the opinion of Judge Chesnut in Prudential Insurance Company of America v. McKee, 4 Cir., 81 F.2d 508. There, he stated the rule to be— though he declined to apply it in that case— that where the objection to the jurisdiction of the court over the person is made (page 510) "concurrently with other defenses which invoke the judgment of the court on the merits, * * * the objection will be

held to have been waived." And we have said as much in cases, involving an action at law. Cf. Manning v. Furr, 62 App.D.C. 281, 66 F.2d 807. And in that view it is interesting to note that the Supreme Court cases cited by Judge Chesnut in support of the statement we have quoted were either decided prior to the adoption of Federal Equity Rule 29 or were law actions as to which that rule did not apply.[3]

In adhering to the rule in effect in this jurisdiction for more than twenty years, it may not be out of place to call attention to the new rules of civil procedure applicable alike to this Circuit and the other Federal Circuits.[4] It is not unlikely that they will come into effect within a few months and if we should now abandon our former ruling and adopt the other view, we should be compelled after the effective date of the new rules to revert to Ryan v. McAdoo. For this reason, as well as because we think the rule which has been in force is a good one, we adhere to our former construction.

We are, therefore, of opinion that the court below was in error in overruling the motion to dismiss the bill as to the defendant Herzog, and the cause is, therefore, remanded to the District Court with instructions to grant the motion. This dismissal will be without prejudice to the right of plaintiff to pursue, if it is available to him, the form of remedy which we approved in Morgenthau v. Fidelity & Deposit Company of Maryland, 68 App.D.C. 163, 94 F.2d 632, decided by us December 13, 1937.

Reversed and remanded.

---

be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court. If the defendant move to dismiss the bill or any part thereof, the motion may be set down for hearing by either party upon five days' notice, and, if it be denied, answer shall be filed within five days thereafter or a decree pro confesso entered."

[2] The later authorities hold that a party may file a special appearance with an objection to the jurisdiction over his person joined with other objections, such as want of equity, or want of jurisdiction over the subject matter of the suit, without submitting to the jurisdiction of the court. Foster's Federal Practice, 6th Ed., vol. 1, p. 981.

[3] St. Louis, etc., R. Co. v. McBride, 141 U.S. 127, 11 S.Ct. 982, 35 L.Ed. 659, decided 1891; Thames & Mersey Marine Ins. Co. v. United States, 237 U.S. 19, 35 S.Ct. 496, 59 L.Ed. 821, Ann.Cas.1915D, 1087; United States v. Hvoslef, 237 U. S. 1, 35 S.Ct. 459, 59 L.Ed. 813, Ann.Cas. 1916A, 286.

[4] Rule 12(b), 28 U.S.C.A. following section 723c "* * * No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."