**COOPER et al. v. BURTON et al.**

No. 7934.

United States Court of Appeals for the District of Columbia.

Argued Feb. 9, 1942.

Decided March 23, 1942.

Rehearing Denied April 15, 1942.

Messrs. Arthur G. Lambert and Arthur R. Murphy, both of Washington, D. C., for appellants.

Mr. W. Cameron Burton, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

In October, 1940, P. Gordon Cooper and Albin Cooper (appellants), sons of Emma K. Cooper, filed a petition in the District Court to have the mental competency of Mrs. Cooper determined and, upon a finding that she was insane, to have appointed a committee of her property and estate. The petition prayed that during the pendency of the cause a conservator of the property be appointed.

Mrs. Cooper is a widow eighty years of age. From 1914 to 1934 she resided with her sons in Washington, D. C. In 1932 she is alleged to have become insane, and in 1934 she was taken to the Christian Sanatorium, Bergen County, New Jersey, for care and treatment. She has remained there ever since and is there now. The bulk of her estate consists of an inheritance from her sister, who resided in New York. In April, 1940, the Chancery Court of New Jersey adjudicated Mrs. Cooper to be of unsound mind, and the Orphans' Court of Bergen County, New Jersey, thereupon appointed Lloyd L. Schroeder (appellee) guardian and committee of her estate.

After the filing of the petition in this case, a subpoena issued and was returned by the marshal "not to be found". Thereafter the District Court, at the instance of appellants, ordered substituted service by publication. Copies were mailed to Mrs. Cooper and to the superintendent of the sanatorium in New Jersey. Following this, the New Jersey guardian, appearing specially, moved the court to vacate the order of publication and dismiss the petition because of lack of jurisdiction.* The grounds stated were (1) the court is without power to order service by publication; (2) the court is without jurisdiction of the person of Mrs. Cooper; and (3) the court is without jurisdiction of the subject-matter of the petition. The District Court, being of opinion that the order of publication was improvidently granted, vacated the same and dismissed the petition, and this appeal followed.

■ 1. In this court, appellants contend that appellees' intended special appearance was in fact a general appearance, but we think the claim is without merit. The rule in this jurisdiction is that in an equity case a special appearance is not waived by challenging the jurisdiction on matters appearing on the face of the bill. See Equity Rule 29, U.S. District Court, D.C., which is precisely the same as Federal Equity Rule 29, 28 U.S.C.A. § 723 Appendix, and see also Herzog v. Hubard, 68 App.D.C. 383, 98 F.2d 255.

■ Moreover, the present case was begun after the new Federal Rules of Civil Procedure became effective. 12(b) of these rules, 28 U.S.C.A. following section 723c, provides: "* * * No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion * * *." This rule applies in the present case and is conclusive on this point. See Schlaefer v. Schlaefer, 71 App.D.C. 350, 112 F.2d 177, 130 A.L.R. 1014.

■ 2. Appellants, however, contend that, whether there was legal service or not, the District of Columbia statutes vest jurisdiction in the District Court "to superintend and direct the affairs of persons non compos mentis, and to appoint a committee or trustees for such persons * * *." Tit. 21, D.C.Code 1940, Sec. 301. But we think this point, too, is without merit. That statute has relation solely to the appointment of committees or trustees for persons who have been adjudged "non compos mentis". The present petition is to obtain an adjudication in the District of Columbia to that effect. The statute is not operative until such an order is obtained, except in the case of an application for an ancillary committee, and that is not this case. Nor are the other statutes [1] cited helpful to appellants' position.

■ Section 108, supra, principally relied on, provides in general for publication as a substitute for personal service. It enumerates the suits and actions in which it may be had, but the proceeding we are concerned with here does not come within any of its provisions. It is fundamental that notice by publication, being in derogation of the common law, can be availed of only when a statute permits. Hollingsworth v. Barbour, 4 Pet. 466, 7 L.Ed. 922; Jennings v. Johnson, 5 Cir., 148 F. 337. We have been referred to no statute which empowers the United States District Court for the District of Columbia to adjudicate

---

* Elsie Burton, one of the appellees, joined with the New Jersey guardian in this motion.

[1] Tit. 21, D.C.Code 1940, Ch. 3.
Tit. 13, D.C.Code 1940, Sec. 108.
Tit. 13, D.C.Code 1940, Sec. 112.

the mental condition of a lunatic in New Jersey because she formerly lived in the District. Doubtless it is true that the courts of the District have power to grant protection to property of insane persons, wherever they may be at a particular time, if the property itself is located in the District of Columbia, but protection of property is not the object of this petition. Appellants are not interested in obtaining the appointment of a receiver or custodian of the small amount of Mrs. Cooper's property in the District of Columbia. They are seeking an adjudication of insanity and the appointment of a committee for the purpose of controlling properties located in New York, and this character of relief the courts of the District may not grant in the absence of personal service in the District of Columbia.

In this view, we need say nothing on the subject of the full faith and credit rule as applicable to the New Jersey decree.

Affirmed.

## On Petition for Rehearing and Clarification of Opinion.

### PER CURIAM.

██ Appellants have asked for a rehearing or a clarification of the opinion filed March 23, 1942. The particular paragraph to which our attention is drawn, and which we are asked to clarify, is as follows: "Doubtless it is true that the courts of the District have power to grant protection to property of insane persons, wherever they may be at a particular time, if the property itself is located in the District of Columbia, but protection of property is not the object of this petition. Appellants are not interested in obtaining the appointment of a receiver or custodian of the small amount of Mrs. Cooper's property in the District of Columbia. They are seeking an adjudication of insanity and the appointment of a committee for the purpose of controlling properties located in New York, and this character of relief the courts of the District may not grant in the absence of personal service in the District of Columbia."

Appellants state that it is incorrect to say that they are not interested in obtaining the appointment of a receiver or custodian of Mrs. Cooper's property in the District of Columbia, and insist that they are. If this is true, nothing in the opinion forecloses any right they may have in that respect. We did not decide, nor did appellants ask us to decide, whether a receiver or custodian to care for property within the District could be appointed without an adjudication of insanity. The petition below prayed that a "hearing be had to determine the mental competency of Emma K. Cooper and should she be found to be non compos mentis that [appellants] be appointed domiciliary committee of the estate of said Emma K. Cooper". Our opinion holds that a general or domiciliary committee cannot be appointed without an adjudication of insanity, and that there cannot be an adjudication of insanity in the absence of personal jurisdiction over the alleged insane person.

Rehearing denied.