**BLANK v. BITKER.**

No. 8215.

Circuit Court of Appeals, Seventh Circuit.

June 10, 1943.

Philip E. Ringer, of Chicago, Ill., and Irving A. Puchner and B. F. Saltzstein, both of Milwaukee, Wis., for appellant.

Samuel E. Hirsch, Wm. Ruger, and Julian H. Levi, all of Chicago, Ill. (Wil-

964

hartz & Hirsch, of Chicago, Ill., of counsel), for Albert J. Felman.

Hayes Kennedy, of Chicago, Ill. (Ryan, Condon & Livingston, of Chicago, Ill., of counsel), for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

On August 20, 1939, a receiver of a national bank sued the defendants Felman and Bitker to recover on a guaranty, executed on May 15, 1924, guaranteeing the indebtedness of Joseph A. Mesiroff to the bank. Subsequently, Nat Blank was substituted as party plaintiff. Blank is the nominee of Felman, who purchased the bank's claim. The court, having tried the case without a jury, found for the plaintiff and rendered a judgment against the defendants for $13,736.91, from which Bitker appeals.

Since we do not decide (1) whether Mesiroff's note was paid; (2) whether the guaranty sued on was a continuing guaranty or only for an existing indebtedness; and (3) whether Bitker was damaged on the failure of the bank to notify him of Mesiroff's default, we shall not set out the disputed evidence.

The controlling facts, so far as they relate to the view we take of the case, are not in dispute. Bitker, for nearly fifty years, has resided in Milwaukee, Wisconsin, and service of process was made upon him there. Bitker had forgotten about the guaranty, and in order to gain the necessary information to answer plaintiff's complaint, took his deposition and received four extensions of time in which to answer. In his answer Bitker included defenses to the merits and a defense of lack of jurisdiction over his person because of his residence in Wisconsin and service of process on him there.

Bitker's answer was filed on December 8, 1939. Two weeks later plaintiff moved to strike the defense of lack of jurisdiction on the ground that Bitker, by answering to the merits, taking a deposition and obtaining extensions of time to answer, had waived his right to object to the jurisdiction and venue. The trial court denied the motion on May 29, 1940. December 15, 1941, an order was entered substituting Nat Blank of Terre Haute, Indiana, as plaintiff and directing that the complaint stand as the pleadings in the case. When,

on June 18, 1942, the case was called for trial, Blank's attorney stated that Felman had purchased the cause of action of the original plaintiff for $3,000 and that Felman had acquired the note in settlement of the obligation to the bank on the guaranty. Prior to this time Bitker did not know that Felman had compromised the claim by buying it.

In our view, the decisive issue is whether Bitker had waived his right to assert lack of jurisdiction of the court over his person and improper venue by answering to the merits, obtaining extensions of time to answer, and taking a deposition. By denying plaintiff's motion to strike the jurisdictional defense, the court ruled that he had not waived it. By later deciding the case in favor of Blank, the court in effect reversed its position, thus holding that there had been waiver. We think the court's later decision was erroneous and that its earlier one was correct.

Plaintiff contends that there is no question of jurisdiction at all but only one of venue. Jurisdiction, he asserts, is predicated upon Section 24 of the Judicial Code, 28 U.S.C.A. § 41(16), in that the original plaintiff was a national bank receiver acting under the direction of the Comptroller of the Currency and suing to recover a claim due and owing to the bank. This statute gives district courts jurisdiction of the subject matter of actions in connection with winding up the affairs of insolvent national banking associations. Schram v. Perkins, D.C., 38 F. Supp. 404; cf. Armstrong v. Trautman, C.C., 36 F. 275; Dinan v. First National Bank of Detroit, 6 Cir., 117 F.2d 459; Pufahl, Receiver, v. Estate of Parks, 299 U. S. 217, 225, 57 S.Ct. 151, 81 L.Ed. 133. But this does not answer the question of whether this particular district court ever obtained jurisdiction of the person of Bitker. Since the court must have had jurisdiction of the person as well as of the subject matter in order to sustain the judgment, Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Buss v. Prudential Ins. Co. of America, 8 Cir., 126 F.2d 960; Commonwealth of Kentucky for Use and Benefit of Kern v. Maryland Casualty Co., 6 Cir., 112 F.2d 352, we must inquire whether it ever gained the legal power to act against Bitker.

Several reasons lead us to believe that the District Court never gained juris-

diction over Bitker. Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that, except where a federal statute states that process may run throughout the United States, process "may be served anywhere within the territorial limits of the state in which the district court is held." Bitker was served in Wisconsin, outside the boundaries of Illinois. Hence he was beyond the territorial limits of effective service. Munter v. Weil Corset Co., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652; Moreno v. United States, 1 Cir., 120 F.2d 128.

■■ Although Congress has the power to authorize a suit under federal law to be brought in any United States district court and to provide that process may run into any part of the United States, it has not done so by general law. Howard v. United States ex rel. Alexander, 10 Cir., 126 F.2d 667. No special statute is applicable here. We are not unaware of the statute, 28 U.S.C.A. § 41(16), which (1) gives the district courts jurisdiction of cases for winding up the affairs of any national bank, and (2) permits process to run outside the district in which the district court is held in a suit by a national banking association established within the district, to enjoin the Comptroller of the Currency or a receiver acting under his direction. See 12 U.S.C.A. § 195. While process may go beyond the territorial limits of the state in the second case, First National Bank v. Williams, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690, the statute is clear that this grant does not extend to the first case. Accordingly, it is not decisive here.

■ A further cogent reason is the statute providing that no civil suit shall be brought in any district court against any person by an original process in any other district than that whereof he is an inhabitant. 28 U.S.C.A. § 112(a). If the action is not based on diversity, this statute clearly confines the jurisdiction of actions in personam to the state of defendant's residence. Seaboard Rice Milling Co. v. Chicago, Rock Island & Pacific R. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633; Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223. And the fact that defendant Felman is a resident of the district in which the action was started did not give the court jurisdiction over Bitker, who was served out of the state. Putnam v. Ickes, supra; McLean v. State of Mississippi ex rel. Roy, 6 Cir., 96 F.2d 741, 119 A.L.R. 670.

■ Plaintiff contends, however, that Bitker merely had a personal privilege respecting the place of suit, and that he could and did waive it by his conduct in connection with the proceedings. To be sure, as a general proposition, the locality of a lawsuit, though defined by legislation, relates to the convenience of litigants and as such is subject to their disposition. Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Graver Tank & Manufacturing Corp. v. New England Terminal Co., 1 Cir., 125 F.2d 71. But we do not think Bitker waived his immunity.

■ On August 30, 1939, Bitker was served; he had completely forgotten that he had ever signed the guaranty and had never received notice of any transactions between Mesiroff and the bank or of any claim against him until that date. Consequently, in order that he might discover the facts of the transactions between Mesiroff and the bank, it was necessary for him to take the receiver's deposition before answering. In order to arrange a time for taking the deposition which was convenient to both parties, he obtained four extensions of time in which to answer. Hence his answer was not due till December 5, 1939, on which date Bitker's answer was served. Thus he was not in default, as plaintiff contends, because he did not file his answer till December 8, for there is no requirement in the Federal Rules of Civil Procedure as to filing. Rule 12(a) provides simply for service, not filing. And Rule 5(d) permits filing with the court within a reasonable time after service.

■ The postponement of the time of taking the original plaintiff's deposition by stipulation with approval of the court was in accord with the usual and customary courtesy extended by counsel in lawsuits. Extensions of time to answer frequently receive similar treatment. Here, no contention is made that the delay in answering caused any inconvenience to the plaintiff or prejudiced him in any way. It is significant that the original plaintiff in his motion to strike the defense of improper venue did not attempt to make Bitker responsible for the extensions of time to answer. On the motion, the then plaintiff's only contention was that the taking of the deposition and answering constituted a general appear-

ance and a waiver of the venue defense. That was true prior to the adoption of the Federal Rules of Civil Procedure. Prudential Ins. Co. of America v. McKee, 4 Cir., 81 F.2d 508; Eldorado Coal & Mining Co. v. Mariotti, 7 Cir., 215 F. 51. But it is no longer true. See Schlaefer v. Schlaefer, 71 App.D.C. 350, 112 F.2d 177, 181, 182, 130 A.L.R. 1014.

Bitker chose to answer and in one pleading set forth all his defenses, including lack of jurisdiction over his person and improper venue. Under the Federal Rules of Civil Procedure, which were in effect when this action was instituted,[1] the prior practice as to waiver was changed so that defenses to the merits may now be set up in the same pleading which includes defenses of lack of jurisdiction of the person and wrong venue, without waiving the latter defenses. Rule 12(b) so provides, in stating that "no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading * * *." And authorities supporting and applying Rule 12(b) are growing in number.[2] Accordingly, special appearances to challenge jurisdiction over the person or improper venue are no longer necessary. Cooper v. Burton, 75 U.S.App. D.C. 298, 127 F.2d 741; Molesphini v. Bruno, supra; Massachusetts Farmers Defense Committee v. United States, D.C., 26 F.Supp. 941. Because Bitker sought a dismissal of the complaint in his answer, Rule 12(h) of the Federal Rules has no application here.

The authorities cited by appellee are not controlling. Many of them were decided before the adoption of the Federal Rules.[3] Ballard v. United Distillers Co., D.C., 28 F.Supp. 633, and Zwerling v. New York & Cuba Mail S. S. Co., D.C., 33 F.Supp. 721, are not authority for appellee's position because the waiver therein resulted from the nonresident defendant's failure to answer, whereas here Bitker did answer and object. In Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp., D.C., 31 F.Supp. 403, waiver of the venue defense resulted because that defense was not raised till five months after the action was begun and because the defendant, by making an earlier motion to quash service, had not complied with the requirement of Rule 12(g) of the Federal Rules that all defenses should be incorporated in one motion and not in a series of motions. Moreover, in that case the defendant corporation had a subsidiary which could properly be sued within the district where suit was brought so that the court thought it would be more convenient for both parties to try the whole matter in the one district. None of these conditions were present here, for, without making any prior motion, Bitker raised the defense in his answer within the extended period given him to answer, and on grounds of convenience, from Bitker's viewpoint, the suit could much more easily be carried on in Wisconsin. In Texas Co. v. Marlin, 5 Cir., 109 F.2d 305, before raising the question of improper venue, the defendant had (1) moved to dismiss the suit on the merits, (2) moved to dismiss for want of parties, (3) moved for a better statement of facts, (4) answered, and (5) amended its answer. After so many defenses, the defense of improper venue, made a year after suit was instituted, came too late. Likewise, there were many denials, stipulations, affidavits, continuances, motions, and appearances by the defendant in Brotherhood of Locomotive Engineers Securities Corp. of New York v. W. L. Shepherd Lumber Co., 5 Cir., 51 F.2d 153, who was held to have waived the right to raise the venue objection. Unlike the defendants in these cases, Bitker did not engage in any such behavior prior to raising

---

[1] Rule 86.

[2] Sadler v. Pennsylvania Refining Co., D.C., 33 F.Supp. 414; Young v. Ætna Life Ins. Co., D.C., 32 F.Supp. 389; Vilter Mfg. Co. v. Rolaff, 8 Cir., 110 F. 2d 491; cf. Phillips v. Baker, 9 Cir., 121 F.2d 752, certiorari denied 1941, 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551; Molesphini v. Bruno, D.C., 26 F.Supp. 595, 596; Smith v. Nicholson Universal S. S. Co., D.C., 42 F.Supp. 1001; Klein v. Hines, D.C., 1 F.R.D. 649, 650; Martin v. Lain Oil & Gas Co., D.C., 36 F.Supp. 252, 255.

[3] Martin's Adm'r v. Baltimore & Ohio R. Co., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311; In re Keasbey & Mattison Co., 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402; General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S. Ct. 106, 67 L.Ed. 244; Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252; accord, Graver Tank & Mfg. Corp. v. New England Terminal Co., 1 Cir., 125 F. 2d 71.

the defense of lack of jurisdiction of the Illinois District Court over him. Instead, he raised the defense in his first pleading. Nor does Fox v. House, D.C., 29 F.Supp. 673, lead us to the conclusion that Bitker waived his venue objection. In that case, after the action had started, the plaintiff made a motion for leave to take depositions and for a subpoena. The defendant opposed the motion on the ground that (1) the court did not have jurisdiction to hear and determine the action, and (2) the court should first determine whether defendant had a right to an accounting. The court held it would not allow depositions to be taken or issue orders for a subpoena duces tecum until it had determined the question of jurisdiction because the Federal Rules of Civil Procedure [in Rule 26(a)] did not contemplate the taking of depositions for discovery purposes until then. But the instant case is distinguishable in that there was no opposition to taking the deposition here, there was no inconvenience and no subpoena involved in taking the then plaintiff's testimony, there was no necessity of asking a third party to drag out 15-year old records and documents, in that the defendant, not the plaintiff, was taking the deposition here and he needed the information to answer because the obligation in question had arisen many years ago, and finally, in that the Illinois District Court, at the outset of the action, clearly had jurisdiction over the subject matter and over Felman.

In our case, Bitker's conduct was within the scope of the procedure approved in Rule 12(b) which in express language states that the defense of lack of jurisdiction over the person and improper venue may be pleaded with other defenses without waiver. Hence we conclude that he did not by his conduct waive his privilege to be sued only in the district where he resides. We wish to make it clear, however, that we are not laying down a general rule that any defendant who feels so inclined may take depositions before answering without waiving his privilege to assert improper venue. We are ruling only that on the particular facts and in the particular circumstances here presented, Bitker could take the deposition without waiving his venue objection.

The judgment of the District Court as to Bitker is reversed without prejudice to sue in a Wisconsin Court.