## NATIONAL ELECTRIC SERVICE CORPORATION v. ACTON et al.

District Court, S. D. New York.

Jan. 9, 1945.

638

Root, Clark, Buckner & Ballantine, of New York City (Thomas J. Kiernan, of New York City, of counsel), for plaintiff.

Sapinsley & Lukas, of New York City (Louis Okin, of New York City, of counsel), for defendant Len Acton.

GODDARD, District Judge.

Motion by the defendant Acton, appearing specially, to vacate and set aside the alleged service of the summons and complaint on the grounds that the service was improper and void; also that the court had not acquired jurisdiction over him.

The complaint alleges infringement of the plaintiff's copyrighted pamphlet entitled "Lower Gas and Electric Costs" and demands the usual relief of injunction and damages. It alleges that Acton copied the pamphlet and Acton and his agent, Bryan, are using it in their business which is the same as that of the plaintiff. The complaint further alleges upon information and belief that Acton was and is doing business in the Southern District of New York and for that purpose maintains an office and agent, Errol H. Bryan, in this district. It appears that a deputy United States Marshal attempted to serve an additional summons and complaint on Bryan as agent for Acton at his office, 420 Lexington Avenue, New York City, which Bryan refused to accept, stating that he was not and never had been the agent of Acton.

In an affidavit, Acton states that he is, and for a number of years has continuously been, a resident of Dallas, Texas, and engaged in business there under the trade-name of "Rateonics Service", a rate-engineering service, and during this entire period has never conducted any business in the City of New York; that Bryan has never been in his employ nor his agent for the service of process or otherwise; that the relationship between him and Bryan arose solely under a written contract by which Bryan obtained an exclusive franchise sales right to furnish "Rateonics Service" to his own customers as an independent contractor in New York, New Jersey, Connecticut, and other states; that Bryan operates his own business under the trade-name of "Rateonic Service of N. Y."; that Acton has no control over or interest in Bryan's business except that Bryan shall pay him a yearly sum for the franchise; that he, Acton, had engaged one Seiders to prepare a sales promotion pamphlet which he had printed and sent some copies of it to Bryan; that when he was informed by plaintiff that the pamphlets had been copied from plaintiff's pamphlet, he requested Bryan to return them to him and none were used thereafter. Bryan, in an affidavit, corroborates Acton in all respects stating that as a franchise holder, he operates his business as an independent dealer and contractor; that Acton has no interest in his business except in the yearly payment for the franchise; that he received some of the pamphlets from Acton which he might use or not as he wished; that when he was requested by Acton not to use them, he collected such of them as had been given to his sub-franchise holders.

The answering affidavit by Stein, president of the plaintiff corporation, neither adds nor detracts from the affidavits of Acton and Bryan and there seems to be no disagreement as to the facts.

Rule 4(f), F.R.C.P., 28 U.S.C.A. following section 723(c), provides that except where a federal statute states that the process may run throughout the United States, process may be served anywhere within the territorial limits of the states in which the district court is held. Cf. Blank v. Bitker, 7 Cir., 135 F.2d 962, 964, 965.

This being an action under the Copyright Law, it is governed by 17 U.S.C.A. § 35, which reads "District in which actions may be brought. Civil actions, suits, or proceedings arising under this title may be instituted in the district of which the defendant or his agent is an inhabitant, or in which he may be found."

■ There is a distinction between venue and jurisdiction. Proper venue does not eliminate the concurrent requisite of personal jurisdiction. Robertson v. Railroad Labor Board, 268 U.S. 619, 623, 45 S.Ct. 621, 69 L.Ed. 1119; Motoshaver, Inc. v. Schick Dry Shaver, 9 Cir., 100 F.2d 236; Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 139 F.2d 871.

The courts, in passing upon the question of venue as distinguished from jurisdiction, have referred to Section 35 of the Copyright Law as referring to venue. Robertson v. Railroad Labor Board, supra; Deutsch v. Times Pub. Corporation, D.C., 33 F.Supp. 957. See dissenting opinion [on other grounds] of Mr. Justice Frankfurter in Freeman v. Bee Machine Co., 319 U.S. 448, 455, 456, 63 S.Ct. 1146, 87 L.Ed. 1509. The courts have held similar provisions in other acts as governing venue and not jurisdiction. Howard v. United States, 10 Cir., 126 F.2d 667; In re Standard Gas & Electric Co., 3 Cir., 119 F.2d 658.

This being an action in personam and not within any exceptional statute nor provision, service of process must be made in accordance with the general provisions. Blank v. Bitker, supra. The alleged service upon Acton was not in accordance with these general provisions and jurisdiction as to him was not acquired; therefore the attempted service is void. Munter v. Weil Corset Co., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652; Seaboard Rice Milling Co. v. Chicago etc. R. Co., 270 U.S. 363, 365, 46 S.Ct. 247, 70 L.Ed. 633; Employers Corporation v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289; Orange Theatre Corporation v. Rayherstz Amusement Corporation, supra. Furthermore, there is serious doubt whether the plaintiff has shown that the person served was the agent of the defendant Acton, but in view of the above it is not necessary to consider that question.

Motion granted. Settle order on notice.