Kenneth FOX, Appellant,

v.

GINSBURG, Feldman & Bress,
Chartered, Appellee.

No. 00–CV–1280.

District of Columbia Court of Appeals.

Argued June 7, 2001.
Decided Nov. 15, 2001.

Matthew A. Pavuk, Washington, for appellant.

Daniel S. Willard, Rockville, Maryland, for appellee.

Before WAGNER, Chief Judge, and FARRELL and WASHINGTON, Associate Judges.

FARRELL, Associate Judge.

Appellee Ginsburg, Feldman & Bress ("GFB") sued a former client, Dr. Kenneth Fox, for unpaid legal fees. In June 2000 the Superior Court entered a default judgment against Fox. Fox then filed a motion to vacate the default judgment, alleging that GFB had not properly effected service of process against him while he was domiciled in the Bahamas, so that the default judgment was invalid. *See generally Cruz v. Sarmiento,* 737 A.2d 1021, 1025–26 (D.C. 1999). The trial court rejected the argument, concluding that GFB had adequately served Fox in compliance with Bahamian law. We hold that on the present record

the proof that GFB complied with a key requirement of Bahamian law is insufficient. We therefore vacate the Superior Court order and remand for further proceedings consistent with this opinion.

## I.

In March 1999 GFB sued Fox in Superior Court for the unpaid fees. GFB made repeated attempts to serve Fox at his District of Columbia address, but to no avail. In May 1999 GFB moved the trial court for additional time to serve Fox, stating that it had obtained a Post Office Box address for him in the Bahamas. GFB made several more attempts to serve Fox in the Bahamas, but could not locate him. On December 20, 1999, GFB filed a motion for alternative service in Superior Court listing the considerable measures it had taken to serve Fox personally, without success. In addition to attempting personal service, GFB had retained a Bahamian attorney, Krystal D. Rolle, to advise it on serving Fox in accordance with the law of the Bahamas. GFB represented in Superior Court, without additional proof, that Rolle had received an ex parte hearing before a Bahamian court on or about November 30, 1999, and that the court had authorized service by publication provided Ms. Rolle obtained an order permitting such service from the Superior Court, to be carried out in the Bahamas.

The Superior Court judge accepted the representation that GFB had obtained an order permitting substituted service (conditionally) from the Bahamas court, and accepted as well the sufficiency of GFB's showing that it had made diligent efforts to serve Fox by delivery and mail without success. The judge therefore issued an order on January 12, 2000, directing GFB to proceed with service in any manner permitted by the law of the Bahamas. In February 2000, GFB filed an Affidavit of Service with the Superior Court accompanied by the sworn affidavit of attorney Rolle. The affidavit confirmed that Rolle had been retained by GFB "for the purpose of effecting service of these proceedings on ... Dr. Kenneth Fox in The Bahamas, including substitute service by publication in a newspaper of general circulation in The Bahamas in the manner prescribed by the Laws of the Commonwealth of the Bahamas." The affidavit further stated that on February 9, 2000, Rolle had served Fox "with Notice of this action, of the Complaint filed therein and of the Order for service by advertisement. The said Notice was in accordance with the form prescribed by the Laws of the Commonwealth of the Bahamas for substituted service by advertisement in a newspaper." Accompanying the Rolle affidavit was the January 12, 2000 order of the Superior Court authorizing substituted service by publication in any manner permitted by Bahamian law.

When Fox failed to appear in Superior Court, GFB filed a motion for default judgment under Super. Ct. Civ. R. 55(b). The court entered a default judgment on June 15, 2000. Several weeks later, Fox filed a motion to vacate the judgment arguing that (1) under Super. Ct. Civ. R. 4(f)(2)(A) the substituted service had to be carried out in accordance with the law of the Bahamas; (2) Bahamian law required GFB to obtain a court order from the Bahamas specifically allowing service by advertisement before proceeding with service by that means; and (3) GFB had not adequately proved that such an order had been issued. The trial court denied Fox's Motion, and this appeal followed.

## II.

The parties agree on two points. First, they acknowledge that under Super. Ct. Civ. R. 4(f)(2)(A) the Superior Court could

not authorize service by publication unless that form of service is "prescribed by the law of [the Bahamas] for service in that country in an action in any of its courts of general jurisdiction."[1] Second, they agree that the law of the Bahamas does not permit substituted service by publication unless a court of the Bahamas has issued an order permitting such service. *See* Rules of the Supreme Court of the Bahamas, Chapter 41, § 4 (*1*). They disagree, however, on whether GFB presented sufficient proof that it had obtained the required order from the Bahamas court. Fox contends that the representation of GFB's attorney in Superior Court that its retained counsel in the Bahamas secured the order (*i.e.*, the putative order allowing substituted service if the Superior Court judge found this to be appropriate) is inadequate proof of that fact,[2] and that attorney Rolle's affidavit submitted later likewise did not suffice to prove that she obtained the required order before going ahead with publication.

■■■ "[N]otice by publication, being in derogation of the common law, can be availed of only when a statute permits." *Cooper v. Burton*, 75 U.S.App.D.C. 298, 299, 127 F.2d 741, 742 (1942) (citations omitted); *see Spevacek v. Wright*, 512 A.2d 1024, 1026 (D.C.1986). For the same reason, "statutes purporting to authorize constructive service by publication must be strictly construed." *Id.* at 1027. When

the exercise of personal jurisdiction is authorized by statute (for present purposes, we assume that to be so in this case),[3] service outside of the District but reasonably calculated to give actual notice may be resorted to "in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction." D.C.Code § 13–431(a)(2) (1995); *see id.* § 13–424. Strict construction of this statute demands, accordingly, that the Superior Court have received adequate proof that GFB obtained an order from a court in the Bahamas—as required by the law of the Bahamas—authorizing service by publication.

■■ We agree with Fox that GFB has not established that fact sufficiently on the present record. D.C.Code § 13–431(b) specifies how "[p]roof of service outside the District of Columbia may be made." Such proof, it provides,

> may be made by affidavit of the individual who made the service or in the manner prescribed by the law of the District of Columbia, the order pursuant to which the service is made, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal

---

**1.** Although Super. Ct. Civ. R. 4(f)(3) also permits service, broadly, "by other means not prohibited by international agreement as may be directed by the Court," that does not change the analysis here because Article 15 of the Hague Convention (*see* Super. Ct. Civ. R. 4(f)(1)) prohibits entry of judgment "until it is established that ... the [writ of summons or equivalent document] was served by a method prescribed by the internal law of" the signatory state in which service was to be effected. (Both the United States and the Bahamas are signatory states to the Hague Convention.)

**2.** Fox does not contend, nor could he reasonably, that the conditional nature of the Bahamian order—assuming the order was issued—would affect its validity.

**3.** Fox does not contend that jurisdiction could not be obtained over him pursuant to the District's long-arm statute. *See* D.C.Code § 13–423.

delivery to the addressee satisfactory to the court.

At a minimum, we think, this law required GFB to produce a certified copy of "the order pursuant to which the service [was] made" so that the Superior Court could determine whether, as required, the Bahamas court had authorized service by publication. *See* Super. Ct. Civ. R. 44(a)(2) (authentication of foreign record). Without that proof, the Superior Court had only GFB's counsel's representation that such an order had been issued, proof decidedly inferior to what a regime of service by publication requires.

Even tested by ordinary principles of evidence, moreover, GFB's representations failed as evidence. Where the contents of a writing (including a court entry) may be at issue, the best evidence of the writing is the document itself. *See United States v. Holton*, 325 U.S.App.D.C. 360, 369, 116 F.3d 1536, 1545 (1997) ("The elementary wisdom of the best evidence rule rests on the fact that [the recording itself] is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description of it."). Whether the Bahamas court authorized substituted service, and the terms on which it did so, are most reliably confirmed by a copy of the court order itself. And the comparative ease of obtaining such an order—assuming that it was issued—confirms our view that the order should speak for itself in proving that publication was authorized.[4]

We accordingly reverse the order denying the motion to set aside the default judgment, and remand the case for further proceedings consistent with this opinion.

*So ordered.*

---

4. We note that, under District of Columbia law, a copy of the court order allowing service by publication is necessary but not sufficient; the fact of publication must also be proved, "by affidavit of an officer or agent of the publisher stating the dates of publica-tion." Super. Ct. Civ. R. 4–I. Rule 4–I, however, does not expressly apply to service by publication outside of the District of Columbia, and because appellant has not asserted reliance on that rule, we do not address the issue further in this case.